451 So.2d 618 (1984)
STATE of Louisiana
v.
Lena M. ALLEN.
No. 83-KA-746.
Court of Appeal of Louisiana, Fifth Circuit.
May 14, 1984.
*619 Martha E. Sassone, Indigent Defender Board, Gretna, for defendant-appellant.
William C. Credo, III, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Before CHEHARDY, BOWES and DUFRESNE, JJ.
DUFRESNE, Judge.
The defendant, Lena M. Allen, withdrew a plea of not guilty and entered a plea of guilty to a violation of R.S. 14:67 (Theft of $390.00). After completion of a presentence investigation, she was sentenced to two years at hard labor at St. Gabriel with credit for time served.
From this conviction and sentence the defendant appeals and has filed two assignments of error.
1. The trial court committed reversible error in a plea of guilty when such plea was not freely and voluntarily made.
2. The trial court committed reversible error in sentencing the defendant on June 28, 1983, which sentence is excessive.
The above assignments were not briefed and are considered abandoned. See State v. Becnel 441 So.2d 339 (La.App. 5th Cir.1983) and State v. Dirden 430 So.2d 798 (La.App. 5th Cir.1983).
In the defendant's brief, discussion was presented that the trial judge did not comply with the sentencing guidelines under La.C.Cr.P., Art. 894.1, but did not once mention that the sentence was excessive.
The above noted assignment of error was not filed with the trial court to be included in the record. In State v. Sonnier, 441 So.2d 359 (La.App. 5th Cir.1983) this writer held that issues not submitted by formal assignment of error are not properly before the court for review unless they fall within the realm of error patent. We noted that except for cases in which the death penalty has been imposed, excessiveness of sentence is not error patent. It may therefore only be considered on appeal where presented by formal assignment of error in compliance with La.C.Cr.P., Art. 920(1) and 844. Although the failure to comply with the dictates of Article 894.1 may result in an excessive sentence, these two facets of the sentencing procedure are not necessarily tied together.
The consequences of failure to comply with the dictates of Article 894.1 are discussed in State v. Wimberly, 414 So.2d 666, 672 (La.1982). The court noted that:
We have not as of yet acted under our supervisory, administrative or rule making powers to require that sentencing judges state basic facts and reasons in every case. In those cases in which we have vacated the sentence and remanded the case for resentencing in full, recorded compliance with Article 894.1, our action was not prompted simply by the sentencing Judge's failure to give his reasons for the penalty imposed. Rather, it was because, based on the inadequate record presented to us, there appeared to be a substantial possibility that the defendant's complaints of an excessive sentence had merit. In each case, pursuant to our duty to uphold the constitution, which expressly prohibits the imposition by law of excessive punishment, we vacated the sentence and remanded the case for resentencing on an adequate record, including strict compliance with Article 894.1.
Our decision in such a case represents a finding of a substantial possibility that the sentence is excessive and not a final judgment that it is invalid.
Therefore, the failure to comply with the article does not automatically result in the finding of an excessive sentence. See State v. Smith, 430 So.2d 31 (La.1983); State v. Lanclos, 419 So.2d 475 (La.1982); State v. McElveen, 439 So.2d 601 (La.App. 1st Cir.1983); and State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983).
*620 The purpose of the article is two-fold; first, to guide and assist the trial court in the exercise of its broad discretion regarding the imposition of a fair and proper sentence in a particular case, State v. Murdock, 416 So.2d 103 (La.1982) and State v. Douglas, 389 So.2d 1263 (La.1980); and second, to afford the reviewing court some insight into the trial court's reasoning process, so that the propriety of the sentence can be better evaluated, State v. Robicheaux, 412 So.2d 1313 (La.1982) and State v. Price, 403 So.2d 660 (La.1981).
In State v. Lanclos, supra at pp. 477-78, the court held that "although Article 894.1 provides useful guidelines for the determination of the nature and length of a sentence, compliance with its provisions is not an end in itself. [citation omitted]" This matter was addressed in State v. Barge, 444 So.2d 735 (La.App. 5th Cir.1984). The defendant there did not contend that her thirty day sentence was excessive, but rather, that the trial court did not follow the guidelines of Article 894.1. Judge Gaudin noted that:
One of the prime purposes of Art. 894.1 is for appellate courts to know the judge's reasoning so that the propriety of the sentence can be evaluated. However, unless it is argued that the sentence was excessive, it matters little, for appellate purposes, whether the trial judge fully articulated the listed aggravating and mitigating circumstances.
In summary, the recent jurisprudence suggests that Article 894.1 is a guideline to be used in sentencing a defendant and as an expression for the record to assist the reviewing court in its determination of the appropriateness of the sentence to the offense and offender. In short, it is a means, not an end. The allegation here that the trial court failed to comply with the guidelines of the article was not properly submitted for appellate review in the assignments of error. Conversely, the allegation of excessiveness of sentence was not argued in brief.
Notwithstanding the above deficiency, a review of the defendant's sentence of two years as excessive will be discussed.
R.S. 14:67 stated in pertinent part that "[w]hen the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both." The defendant Allen was sentenced to a term of two years at hard labor.
Article 1, Section 20 of the Louisiana Constitution states in pertinent part that "[n]o law shall subject any person ... to cruel, excessive or unusual punishment...." As a general rule a sentence is excessive if it is grossly out of proportion to the severity of the crime or it is nothing more than the purposeless and needless imposition of pain and suffering. See State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Howard, 414 So.2d 1210 (La.1982); State v. Smith, 407 So.2d 652 (La.1981); and State v. Guiden, 399 So.2d 194 (La. 1981). Even though the sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 359 So.2d 137 appeal after remand 367 So.2d 762 (La.1979).
La.C.Cr.P., Art. 894.1 sets forth the guidelines to be taken into consideration by a sentencing court so that the penalty is particularized to both the circumstances of the crime and the defendant's background.
Here the trial court stated for the record that:
"The court had considered that presentence investigation as well as the guidelines in Article 894.1 of the Code of Criminal Procedure. Ma'am, you've been arrested eleven times as an adult, arrest for theft and shoplifting charges. Probation and parole records, you've been placed on active probation over and over again, suspended sentence, suspended conditions of probation. Eventually, secured another arrest and conviction while on probation. Ultimately, terminated unsatisfactorily at a Rule to Show Cause *621 why her probation should not be revoked held on February 12th, 1981.
Ms. Allen, I'm not a psychiatrist. I'm not a social worker, so I don't know all the ins and outs of why you do these things."
The defendant then offered in mitigation that she is addicted to drugs and because of her criminal record had a difficult time securing employment. She also explained that she had attempted to get into the Half Way House, but to no avail. The defendant stated that she hoped to be admitted for rehabilitation.
The court continued:
"Well, you're going to have an opportunity to do that if you behave yourself, you'll be out fairly quick. It's just that, you know, so far along the line your career has to stop and I think we're going to put you on hold a while and I am not trying to fuss at you, I feel sorry for you, you know. They even tried to contact you, you were probably at home, they know you were behind the screen door. Nobody would say you were home and so forth and so on and these people were trying to help you."
The report of the pre-sentence investigation reveals that the defendant has been arrested eleven times as a major with nine of the arrests being for theft and shoplifting. On two previous occasions, she was placed on probation but due to subsequent arrests and failure to comply with the special conditions, she was ultimately terminated and her probation revoked. Repeated attempts by the probation office to contact the defendant were unsuccessful.
The defendant's attitude towards the court proceedings is reflected in her failure to appear as scheduled for trial on September 13, 1982, and again for sentencing on January 13, 1983. On both occasions, attachments were issued. Either she had a phobia about the number thirteen or she took a very nonchalant approach to her participation in the criminal justice system.
Although the trial court did not verbally apply each factor of Article 894.1 to the defendant, the facts, such as they are, and the defendant's personal dossier clearly support the trial court's sentencing choice of the maximum sentence. The trial court noted the single factor presented in mitigation, however, the inability to rehabilitate appears to be symptomatic rather than extraordinary in nature. The defendant has failed to establish a substantial possibility that her sentence was excessive.
State v. Murdock, 416 So.2d 103 (La. 1982) noted that the function of the reviewing court is not merely to substitute its judgment for that of the trial court, but rather, to determine if the lower court abused its broad sentencing discretion.
Our review of the record strongly convinces us that the defendant's sentence was not excessive. Her propensity to commit thefts and shoplifting likewise, convinces us that the defendant is in need of the correctional treatment as prescribed by the trial judge.
For the reasons assigned, the defendant's conviction and sentence are affirmed.
AFFIRMED.