482 So.2d 906 (1986)
STATE of Louisiana, Appellee,
v.
Brenda Nell FLUITT, Appellant.
No. 17499-KA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1986.
*908 Dimos, Brown, Erskine, Burkett, & Smith by George Ross, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Don C. Burns, Dist. Atty., and Iley H. Evans, Asst. Dist. Atty., Columbia, for appellee.
Before JASPER E. JONES, NORRIS and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Brenda Nell Fluitt, appeals her convictions and sentences for attempted theft, theft, and forgery, setting forth numerous assignments of error in this factually complicated case. For the reasons set forth below we affirm defendant's convictions and sentences, vacating, however, that portion of defendant's sentence which orders restitution of the stolen funds as a condition of parole.

FACTS
On January 27, 1984 Charles Mullin, owner of the Mullin Wood Company, contacted the Caldwell Parish Sheriff's Office and reported that money had been illegaly taken from his business. Mullin's bank accounts were overdrawn, although the company's books showed substantial balances. Following an investigation, defendant was arrested, as were two wood haulers for the company, Glen Hall and Henry Green. Hall and Green subsequently testified against defendant.
Defendant had been the company's bookkeeper for 16 years. She was in charge of keeping the company's books and was paymaster. Mullin Wood Company is in the pulpwood business, buying wood from wood haulers and reselling it to Manville Corporation. In the day to day operation of the business, wood haulers delivered their loads to the company where it was weighed. The haulers were then issued scale tickets showing the amount of wood purchased by the company. On Friday of each week the scale tickets were exchanged for settlement checks for the wood purchased. Customarily, haulers could receive an advance against the amount ultimately due at the end of the week in order to make equipment repairs.
Mr. Mullin was absent from the business frequently during the day, and each morning he routinely signed a number of blank checks so that defendant could transact company business during the day. The investigation revealed that on numerous occasions the defendant paid her personal bills from the company account. Defendant *909 also developed schemes with Hall and Green whereby they were given advances when no wood was cut, or payments were made which were several hundred dollars more than was actually due. Hall and Green cashed the checks and divided the proceeds with the defendant.
On several occasions defendant made out checks to Booker Holoman, a wood hauler, knowing they would be cashed by Henry Green who forged the payee's endorsement. Booker Holoman never received any of the funds. On one occasion defendant also made three payments on a personal note of Glen Hall.
Following her arrest, several bills of information were filed charging the defendant with theft and forgery. Trial was held on January 21-25, 1985 and a unanimous jury found the defendant guilty of one count of attempted theft, not guilty of four counts of theft, guilty of seven counts of forgery and guilty of 173 counts of felony theft.
Following the verdict, the defendant filed a motion for post verdict judgment of acquital. On February 28, 1985, the trial judge ruled on that motion, in part denying the motion, in part modifying the verdict, and reduced the amounts taken on five counts of theft.
At sentencing, defendant was ordered to serve a six-month suspended sentence for attempted theft. On those offenses for which the defendant was found guilty of high grade felony theft, the defendant was sentenced to serve a term of imprisonment of five years at hard labor on each bill of information. Where defendant was found guilty of middle grade felony theft, she was sentenced to serve two years at hard labor on each bill of information. On the seven counts of forgery for which the defendant was found guilty, she was sentenced to serve five years at hard labor on each count.
All of these sentences which were imposed for attempted theft, theft and forgery were ordered to be served concurrently with each other.
The trial court also ordered that the defendant make restitution in the amount of $72,309 as a condition of parole should she become eligible for parole.

ASSIGNMENTS OF ERROR
Defendant appealed her convictions and sentences, setting forth numerous assignments of error. Assignments 1 through 6 urge that there was insufficient evidence upon which a reasonable trier of fact could find the defendant guilty of the offenses charged.
Assignment 7 urges that the defendant was prejudiced when the trial court admitted into evidence charts prepared by the district attorney reflecting the checks written by defendant.
Assignment No. 8 urges that the trial court erred in denying defendant's motion for post verdict judgment of acquittal by modifying the verdict and otherwise denying the motion.
Assignment No. 9 urges that the trial court imposed an excessive sentence in ordering the defendant to serve a six month suspended sentence for attempted theft.
Assignments 10 through 19 urge that the trial court imposed excessive sentences on the defendant on her convictions for felony theft and forgery.
Assignment No. 20 contends that the trial court erred in ordering the defendant to make restitution and urges this was also an excessive sentence.

SUFFICIENCY OF EVIDENCE
In considering the standard of review for sufficiency of evidence, the reviewing court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Nealy, 450 So.2d 634 (La.1984).
When circumstantial evidence is relied upon to obtain a conviction the court has explained in State v. Eason, 460 So.2d 1139 *910 (La.App. 2d Cir.1984), writ denied 463 So.2d 1317 (La.1985), the interaction of the Jackson standard with this state's statutory rule concerning circumstantial evidence as follows:
"The statutory rule as to circumstantial evidence is that assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. La. R.S. 15:438. This statutory rule is not a purely separate test from the Jackson standard to be applied instead of a sufficiency of the evidence test whenever the state relies on circumstantial evidence to prove an element of the crime. State v. Wright, 445 So.2d 1198 (La.1984). Ultimately, the Jackson standard is the objective standard for testing the overall evidence, direct and circumstantial, for reasonable doubt. State v. Wright, supra; State v. Sutton, 436 So.2d 471 (La.1983). The statutory rule, however, provides an evidentiary guideline for the jury when considering circumstantial evidence and facilitates appellate review of whether a rational juror could have found the defendant guilty beyond a reasonable doubt. Exclusion of every reasonable hypothesis of innocence is, therefore, a component of the more comprehensive reasonable doubt standard, where circumstantial evidence is used to convict. Thus, although the circumstantial evidence rule may not establish a stricter standard of review than the more general reasonable juror's reasonable doubt formula, it does emphasize the need for careful observance of the usual standard and provides a helpful methodology for its implementation in cases which hinge on the evaluation of the circumstantial evidence. State v. Wright, supra; State v. Chism, 436 So.2d 464 (La.1983)."
In defendant's first assignment of error, she argues there was insufficient evidence to support the conviction. In the bill of information made the subject of this assignment of error, defendant was originally charged with theft of $660. She was found guilty of attempted theft of $440. The evidence showed that defendant wrote a company check in the amount of $660 and stubbed the check for $220. The check was issued to Citizens Progresive Bank for three payments on truck notes owed by Glen Hall. On appeal, defendant urges that Charles Mullin co-signed the note owed by Glen Hall and payment on the note benefitted Mullin as well as Glen Hall. The defendant testified she paid the note to prevent the entire balance due on the note from falling due. She argues that she never received any money from this check. However, Mr. Mullin testified the check was not authorized. The checks were issued for the primary benefit of Glen Hall. Viewed in the light most favorable to the prosecution, a rational trier of fact could conclude that all the elements of attempted theft were proved by the state. There is sufficient evidence to show the defendant was responsible for the misappropriation of the money without Mullin's consent with an intent to deprive him of the money permanently and that issuing the check was an act in furtherance of completion of the crime.
In defendant's second and fourth assignments of error she argues there was insufficient evidence to convict her of theft in using company funds to pay her personal obligations. In Bill of Information No. 28502, the defendant is charged with paying a note in the amount of $655.10 to Finance One. Bill of Information No. 28503 charges defendant with paying a personal debt to McIlwain Motor Co. and two personal debts to Ford Motor Company. Bill of Information No. 28504 charges defendant with paying a debt in the amount of $100 to Seligman's Department Store. Bill of Information No. 29509 charges defendant with five counts of paying personal notes to the Ouachita National Bank. Bill of Information No. 29329 charges four counts of paying defendant's personal obligations to the Louisiana Power & Light Company. Bill of Information No. 28506 charges defendant with paying a personal obligation to Red Cross Drug with company funds.
*911 Defendant argues she was authorized to pay her personal debts from company funds and offered evidence that on one occasion when Mullin asked her what she was doing she stated she was paying her car note. Mullin testified that at no time was defendant authorized to use company funds for the payment of her personal bills. We find that the evidence viewed in the light most favorable to the prosecution negates the contention that defendant was authorized to pay her personal obligations from company funds.
Defendant's third and fifth assignments of error deal with numerous counts of theft in which defendant made cash advances to Glen Hall and Henry Green which were then divided and shared by the parties. Defendant argues she had authority to make cash advances, that she did not receive money from Hall or Green, and that these men knew the cash advances had to be repaid. However, Hall and Green testified they repeatedly received large amounts of money from defendant by means of checks drawn on company funds, that the proceeds were divided with the defendant, and that the money was in fact stolen. Viewed in the light most favorable to the prosecution, this is sufficient evidence upon which a rational trier of fact could find the essential elements of the crime of theft.
Assignment of Error 6 urges insufficient evidence to convict defendant of seven counts of forgery. Under this bill of information, defendant is charged with making checks payable to Booker Holoman, a hauler for Mullin Wood Company, and giving them to Henry Green. Green then forged Holoman's endorsement, cashed the checks, and divided the proceeds with the defendant. Defendant argues that on one occasion she intended to advance funds to Green but mistakenly wrote Holoman's name as the payee. She claims Green was to take the check to Holoman for a legitimate endorsement. No explanation is offered by defendant for the remaining six checks made payable to Booker Holoman. Holoman testified he did not receive any of the proceeds from these checks nor did he endorse any of the checks. A handwriting expert testified that defendant wrote the checks and that the endorsement was not that of the payee, Booker Holoman.
Forgery is the false making or altering with intent to defraud of any signature to or any part of any writing purporting to have legal efficacy. Issuing or transferring with intent to defraud a forged writing known by the offender to be a forged writing also constitutes forgery. LSA-R.S. 14:72. A principal is one who is concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime. LSA-R.S. 14:24. The evidence viewed in the light most favorable to the prosecution establishes defendant was a principal to the crime of forgery.
Therefore, we find sufficient evidence upon which the convictions are based for the crimes of attempted theft, theft, and forgery. Defendant's assignments of error are without merit.

DEMONSTRATIVE EVIDENCE
Defendant's seventh assignment of error, urges the trial judge erred in allowing the state to introduce into evidence nineteen charts prepared by the District Attorney's Office, listing the checks and check stubs which form the basis of the charges against her. Defendant claims the charts confused and prejudiced the jury by not including bill of information numbers or count numbers. This argument is without merit.
The test for determining whether demonstrative evidence is admissible is whether the evidence is relevant to a material issue and dispute and whether its probative value outweighs its prejudicial effect. State v. Helsley, 457 So.2d 707 (La. App.2d Cir.1984). Diagrams are generally admissible to aid a jury in understanding testimony if shown to be an accurate representation *912 of the subject matter in question, and the ruling on admissibility by the trial court will not be overturned on appeal absent a showing of abuse of discretion. State v. Andrews, 369 So.2d 1049 (La. 1979).
A massive number of checks and check stubs were used as evidence in this case. According to the state's brief, this included approximately 370 individual items of evidence. The charts prepared by the District Attorney's Office showed the information on the checks and corresponding check stubs, including the date, amount, and payee. Defendant contends that because the charts did not include information as to which bills of information and which counts corresponded to each the checks and check stubs, the charts were unduly confusing and prejudicial. On the contrary, due to the massive amount of evidence, the charts were a helpful aid to the jury. They were identified as accurately reflecting information contained on the checks and check stubs and the actual checks and check stubs were also submitted. We find no error in the use of these charts by the state.

MOTION FOR POST VERDICT JUDGMENT OF ACQUITTAL
In defendant's eighth assignment of error, she claims the trial court erred in denying her motion for post verdict judgment of acquittal. Defendant contends that the motion should have been granted, again arguing that there was insufficient evidence to support the convictions. The record reflects that the trial judge denied the motion for post verdict judgment of acquittal as to all charges of which the defendant was found guilty, although he modified the jury verdict as to several counts of theft, finding that the evidence showed that the amount of money stolen in some instances was less than the amount specified in some of the jury verdicts.
In pertinent part, LSA-C.Cr.P. Art. 821 provides:
A. The defendant may move for a post verdict judgment of acquittal following the verdict. A motion for a post verdict judgment of acquittal must be made and disposed of before sentence.
B. A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty.
C. If the court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.
....
Upon the filing of the motion for post verdict judgment of acquittal, the trial court must determine if the evidence viewed in the light most favorable to the state reasonably permits a finding of guilty. If after such a review the court finds the evidence only supports a conviction of a lesser included responsive verdict, the court may modify the verdict and render a judgment of conviction on the lesser included offense. LSA-C.Cr.P. Art. 821, supra.
The evidence showed that in several instances, even though Glen Hall was actually owed money for wood sold to the company, defendant issued checks to him for several hundred dollars more than the amount actually due. After cashing the checks, Glen Hall divided the difference, which was the amount stolen, with the defendant.
This scheme formed the basis of Count 46 under Bill of Information No. 28507. Defendant was charged with theft in the amount of $1,048.24 and was found guilty by the jury of theft in this amount. The trial judge found the amount actually misappropriated was $200.00 and he reduced the verdict accordingly. We find no error in the trial court's action in this regard.
However, it appears the trial court erred in computing the reductions on other *913 counts.[1] On Count 60 of Bill of Information 28507, defendant was charged with theft of $512.13. The check was actually stubbed for $312.13 and the testimony shows that this amount was actually owed to Glen Hall. However, the trial court reduced the verdict of the amount misappropriated by defendant to $312.13 instead of $200, which was the amount actually taken without authority.
The trial court made similar errors in Bill of Information No. 28508, Counts 25, 30, and 44. On each of these counts the amount actually taken by defendant was $200.
LSA-C.Cr.P. Art. 821 further provides, in part:
E. If the appellate court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.
Therefore, if the appellate court finds the evidence, viewed in the light most favorable to the state, supports only a conviction of the lesser included responsive offense, the court may modify the verdict and render a judgment of conviction on the lesser included responsive offense. Because the trial court failed to modify the jury verdict to properly reflect the actual amount of the theft of which the defendant was guilty and which was reflected by the evidence, we hereby exercise our authority under the provisions of LSA-C.Cr.P. Art. 821, supra, and modify the verdict of guilty on Bill of Information No. 28507, Count 60 and Bill of Information No. 28508, Counts 25, 30 and 44 to find the defendant guilty of theft in the amount of $200 on each count.
Although we have modified the verdicts in these instances to show the proper amount which was the subject of the theft, the defendant's convictions for these theft offenses are not disturbed. Our modification of the verdict for these amounts does not affect the findings of guilt entered against this defendant. Further, although we find the evidence shows the amounts actually taken and misappropriated by the defendant were less than reflected by the jury verdict in some instances, our modification does not affect the sentences imposed by the trial court. The sentences imposed upon the defendant are left undisturbed.
The trial court's denial of defendant's motion for post verdict judgment of acquittal on the remaining jury verdicts is affirmed.

EXCESSIVE SENTENCE
In defendant's ninth through nineteenth assignments of error, she objects to the sentences imposed by the trial court as excessive. Defendant was sentenced under eleven separate bills of information, with all sentences to run concurrently. The total period of incarceration defendant was *914 ordered to serve for the offenses committed in this case is five years at hard labor.
It is well settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the trial judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied 439 So.2d 1074 (La.1983).
The sentencing guidelines of LSA-C.Cr.P. 894.1 provide the criteria to consider in determining whether the sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied 435 So.2d 438 (La.1983). While the trial judge is not required to articulate every aggravating and mitigating circumstance outlined in Article 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La. 1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983).
A sentence is unconstitutionally excessive in violation of La. Const. 1984 Art. 1, Section 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra.
In his reasons for imposing sentence, the trial court stated that defendant has committed similar offenses in the past but had not been prosecuted, the court considered the magnitude of the charges against defendant, the amounts involved, and the long period of time over which these offenses occurred. The trial court concluded defendant was in need of counseling during a period of incarceration and found that a lesser sentence would deprecate the seriousness of the offenses.
The defendant argues the trial court failed to consider mitigating factors. Defendant argues that the trial court should have considered the fact that defendant had no prior criminal record, was the mother of two children, had been employed by the Mullin Wood Company for 16 years, and she was a member of the Hebert Methodist Church. In addition, at the time these offenses occurred her family was in need of money, evidenced by the fact they were considering filing for bankruptcy. Although these facts were not specifically mentioned by the trial judge, there was sufficient articulation of the facts to indicate that this sentence was individualized to this defendant.
Because the defendant's sentences were ordered to be served concurrently, she will serve a total of five years after being convicted of more than 170 counts and offenses. This is one-half of the maximum time of imprisonment she might have received for a single conviction for high grade felony theft. Therefore, under the facts of this case, we find the sentences to incarceration imposed upon this defendant are not excessive.
The defendant also urges the trial court improperly considered her involvement in other criminal activities. She claims there is no evidence of any alleged or uncharged criminal activity which could be properly considered by the trial court in imposing sentence.
It is permissible for a trial court to consider evidence of other offenses in determining a sentence and may rely on the pre-sentence investigation references to those other offenses. State v. Tully, supra; State v. James, 447 So.2d 580 (La. App. 3d Cir.1984). In the present case, defendant failed to designate the pre-sentence investigation as a part of the record and therefore this argument cannot be considered by this court.
These assignments of error are without merit.

*915 RESTITUTION
In defendant's twentieth assignment of error, she contends that the trial court erred in condemning her to make restitution in the amount of $72,309. She claims this constitutes an excessive sentence. We vacate this portion of the sentence for other reasons.
Ordinarily restitution may be imposed as a condition of probation under LSA-C.Cr.P. Art. 895. However, a trial court may not require restitution from a defendant as a condition of parole.
In State v. Patterson, 442 So.2d 442 (La. 1983), the defendant pleaded guilty to aggravated battery and was sentenced to eight years with all but two years suspended upon the condition that he make restitution. The Supreme Court held the split sentence was illegal and went on to note that the trial court could not order restitution in felony cases in which a sentence of imprisonment is imposed, because restitution is a matter to be handled by the parole board under such circumstances. LSA-R.S. 15:574.4 J.
In State v. Savoie, 448 So.2d 129 (La. App. 1st Cir.1984), writ denied 449 So.2d 1345 (La.1984), the defendant was found guilty of attempted second degree murder and was sentenced to serve 35 years at hard labor, with a condition that he make restitution to the victim in an amount to be determined by the court should he become eligible for parole. On appeal, the latter portion of the sentence was found to be illegal and it was set aside. The court of appeal reasoned that under LSA-C.Cr.P. Art. 895, a trial court could impose restitution as a condition of probation only when the trial judge suspends sentence. However, the court held that restitution could not be ordered when there was no suspension of sentence.
In State v. Hernandez, 432 So.2d 350 (La.App. 1st Cir.1983) the defendant was found guilty of four counts of simple burglary and three counts of attempted theft. He received a prison sentence on each count and the trial court also ordered defendant to make restitution to the victims in lieu of payment of a fine. The appellate court held that restitution could be required as a condition of a probated sentence, but no provision of our law authorizes imposition of restitution in lieu of a fine when the defendant is sentenced to imprisonment.
Under the rationale of these cases, we find the trial court erred in imposing restitution as a condition of parole and we vacate and set aside that portion of the sentence.[2]

CONCLUSIONS
For the reasons stated above, we affirm the defendant's convictions for attempted theft, theft, and forgery. We affirm the trial court's denial and partial denial of defendant's motion for post verdict judgment of acquittal and further modify the verdict to reflect the amounts actually taken and misappropriated by defendant. We find the sentences imposed upon defendant were not excessive and they are affirmed, except that portion of the sentence requiring defendant to make restitution as a condition of parole, which is vacated and set aside.
AFFIRMED IN PART, MODIFIED IN PART, VACATED IN PART.
NOTES
[1] That part of the transcript dealing with the motion for post verdict judgment of acquittal modifying the jury verdict reads as follows:

"On Bill No. 28507, Count No. 46, the Jury found the defendant guilty of felony theft in the amount of $1,048.24 and I feel that looking at the evidence in the light most favorable to the State, the Jury could not have found a verdict of that because this was on (sic) of those involving a settlement sheet, and I'm going to modify that verdict on that count in the amount of $800.00 and reduce the verdict to guilty of theft in the amount of $200.00 on that one. Also in that same bill. Count No. 60, I'm going to modify the Jury Verdict on Count 60 and reduce that amount by $200.00, in the evidence light most favorable to the State, the Jury could not have found the defendant guilty of any amount exceeding $312.13 on that count. On Bill No. 28,508, Count No. 25, I'm going to modify the Jury's verdict in that count by the sum of $200.00 and find the defendant guilty of theft in the amount of $340.72. And likewise on Count No. 44 of that same bill, I'm going to modify that verdict by the amount of $200.00 and the verdict should only find the defendant guilty of $501.96. And on Count No. 30 of that bill, the Jury probably through a clerical error found the defendant guilty of theft in the amount of $496.51, I'm going to modify that to show the amount of $484.00...."
[2] We note the trial court imposed restitution in an amount greater than that actually reflected by the evidence and jury verdicts of guilty, but due to the improper imposition of restitution as a part of the sentence, we do not find it necessary to compute the actual amount shown to have been stolen.