490 So.2d 697 (1986)
STATE of Louisiana, Appellee,
v.
Emilye J. CHAPMAN, Appellant.
No. 17938-KA.
Court of Appeal of Louisiana, Second Circuit.
June 11, 1986.
*698 Rogers M. Prestridge, Bossier City, for appellant.
James E. Stewart, and John Broadwell, Asst. Dist. Attys., Shreveport, for appellee.
Before FRED W. JONES, Jr., NORRIS and LINDSAY, JJ.
NORRIS, Judge.
This is an appeal of a sentence for constitutional excessiveness. The defendant, Emilye Chapman, was charged by bill of information with one count of felony theft of money in excess of $500. LSA-R.S. 14:67. After first pleading not guilty, she changed her plea to guilty and the district judge sentenced her to three years at hard labor. She now contends that the judge did not follow the mandatory sentencing guidelines of LSA-C.Cr.P. art. 894.1 and that the sentence is an unconstitutional imposition of pain and suffering on her and her family. For the reasons expressed, we affirm.
Mrs. Chapman was hired by M.L. Raab Roofing Company in Shreveport as a bookkeeper in October 1981. She soon embarked on a scheme whereby she would write out company checks to herself or her husband and cash them. When the checks returned, she would either destroy them or alter the payee's name. On the account books, she would enter payments to various creditors who were, of course, never paid. Her method was so sedulous and secret that Mr. Raab never detected the constant theft until October 1984 when the IRS notified him of a large amount of unpaid taxes. He discovered that the company's bank account was seriously overdrawn. He immediately confronted Mrs. Chapman, who resigned and promised to pay him back.
Mr. Raab, whose business is essentially a family enterprise, hired an accountant to audit the books. Unpaid bills were pouring in, including $50,000 to the IRS and $50,000 to Bird Roofing, one of the major suppliers. In addition to the unpaid principal, Mr. Raab was assessed with interest and penalties. He had to borrow $90,000 and to take out a second mortgage on his house. When the audit was complete, it showed $176,140.88 in missing funds. Mr. Raab reported the theft to authorities and Mrs. Chapman was arrested in February 1985.
In mitigation of her offense, Mrs. Chapman stresses a number of points, all of which the sentencing judge considered on the record. First we note the busy undercurrent of circumstances that contributed to the continuation and concealment of the scheme. In 1982, Mr. Raab's business was so brisk that he had little time to check the books himself, and barely noticed the gradual disappearance of cash. Mrs. Chapman, for her part, was under great stress. She was having marital problems and had formed a romantic liaison with one of Mr. Raab's married sons, who was in the business with his father. Partly with the money she took, Mrs. Chapman reportedly gave the son "anything he asked for." The affair *699 ended in October 1984, about the same time as Mr. Raab discovered the theft. Because of the revelation of the crime and the breakup of the affair, Mrs. Chapman plunged into depression and took an over-dose of valium. She had to be hospitalized for several days and is now said to be free of suicidal tendencies. Since her recovery, Mrs. Chapman and her husband have reconciled and she is now spending all her time with him and her three daughters, aged 14, ten and eight. The children have been ridiculed at school and in the community because of their mother's notoriety. Mrs. Chapman argues forcefully that her children need her now more then ever; the three year prison term will penalize them for their mother's offense. Finally, she emphasizes her immaculate prior record, which is free of even so much as a traffic offense.
Mrs. Chapman's first argument on appeal is that the sentencing judge failed to comply with art. 894.1 by neglecting the mitigating factors and by making an "example" of her. Art. 894.1 provides the criteria to consider in determining whether the sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). The record must reflect that the sentencing judge adequately considered the guidelines, while a line-by-line recitation of the factors is not essential. State v. Smith 433 So.2d 688 (La.1983); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied 438 So.2d 1112 (La.1983). If the sentencing judge adequately complies with art. 894.1, then his sentence will not be set aside as excessive absent a manifest abuse of discretion. State v. Nealy, 450 So.2d 634 (La.1984); State v. Knighton, 449 So.2d 1171 (La.App. 2d Cir.1984).
The sentencing judge analyzed the art. 894.1 factors very carefully as they pertained to this case. He admitted at the outset that sentencing was difficult because of all the mitigating factors we have already listed. The aggravating factors weighed very heavily. The extremely large theft threatened serious financial harm to the company and to Mr. Raab personally. There was no provocation. And Mrs. Chapman has not compensated the victim. Mr. Raab filed a civil suit against her and brought it to judgment but he has not, despite extensive investigations, been able to find any of the money.
The overriding factor is the astoundingly large sum of money stolen. Certainly this offense is among the worst of its kind. The sentencing judge was correct to observe that a suspended sentence or a very short sentence would send out a negative example. Felony theft carries a maximum penalty of ten years at hard labor and a fine of $3,000; Mrs. Chapman's sentence of three years with no fine is in the lower range, and a lesser sentence would severely deprecate the seriousness of this offense.[1]
In addition to his thoughtful observance of art. 894.1, the sentencing judge showed a laudable degree of care and consideration in passing this sentence. He sent back the first PSI with instructions to interview more witnesses and family members; as a result, the PSI is remarkably thorough. He received 56 letters of character reference from friends, relatives and public officials. He read every one of these letters and said he intended to reply to those that had a return address. This is care and attention beyond the normal call of duty. There is nothing in the record to suggest that the sentencing judge faltered in his compliance with art. 894.1 or that he abused his discretion.
In her second assignment, Mrs. Chapman contends the sentence is constitutionally excessive because it is grossly out of proportion to the offense and represents a needless and purposeless imposition of pain and suffering. LSA-Const. Art. I § 20, State v. Bonanno, 384 So.2d 355 (La.1980). She emphasizes once more her first offender status and the hardship on her three *700 daughters who will suffer while their mother is in prison. She claims that a sentence will fail constitutional muster if either
(1) it makes no measureable contribution to the acceptable goals of punishment, or
(2) it is grossly out of proportion to the severity of the offense.
Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977); Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1974).
The argument of disproportionality is meritless because of the large amount stolen, the prolonged period of perpetration and the sentence in the lower range. The argument of acceptable goals has a certain appeal but is not strong enough to prevail. Any incarceration will place hardship on the defendant's family. This hardship does not outweigh the legitimate goal of preventing repetitive criminal acts. LSA-C. Cr.P. art. 894.1 A(1); see also Furman v. Georgia, 408 U.S. 238, 342, 92 S.Ct. 2726, 2778, 33 L.Ed.2d 346 (1972) (Marshall, J., concurring). Her only tenable argument on this score would be that incarceration takes her out of a position to repay Mr. Raab. However, between the time the theft was discovered and the time the sentence was imposed, one year, Mrs. Chapman had not yet returned any money. We do not think that Mr. Raab will suffer from Mrs. Chapman's inability to earn money while in prison. The constitutional argument is without merit.
For the reasons expressed, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] In our recent case of State v. Fluitt, 482 So.2d 906 (La.App. 2d Cir.1986), a defendant who had embarked on a similar scheme but had stolen only $72,309 received a sentence of two years at hard labor. We found this not excessive.