520 So.2d 1299 (1988)
STATE of Louisiana
v.
Gerard PHELPS.
No. 87-KA-556.
Court of Appeal of Louisiana, Fifth Circuit.
February 8, 1988.
*1300 John M. Mamoulides, Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Martha E. Sassone, Indigent Defender Bd., Gretna, for defendant-appellant.
Before KLIEBERT, BOWES and GAUDIN, JJ.
KLIEBERT, Judge.
Defendant Gerard Phelps, II, originally charged with theft of a motor vehicle, entered a plea of guilty to the amended charge of issuing worthless checks in amounts over $500.00 (La.R.S. 14:74) and was sentenced to ten years at hard labor with credit for time served. Phelps' motion for an out of time appeal was granted by the trial court.[1] On the appeal Phelps contends the sentence imposed is excessive. We affirm the conviction and sentence.
On July 7, 1986 the Texas Department of Public Safety notified the Jefferson Parish Sheriff's Office that a 1977 Datsun S-10 which had been reported stolen in Jefferson Parish had been recovered in El Paso and its occupants, Gerard Phelps and his wife, arrested. The vehicle was listed as stolen by its owner because Phelps purchased it with a stolen and forged check. Phelps was extradited to Louisiana for prosecution.
Article I, Section 20 of the Louisiana Constitution of 1974 provides in part "No law shall subject any person ... to cruel, excessive or unusual punishment..." A sentence is excessive if it is grossly disproportionate to the severity of the crime and is nothing more than the purposeless and needless imposition of pain and suffering. State v. Davis, 449 So.2d 452 (La.1984); State v. Allen, 451 So.2d 618 (5th Cir.1984). In evaluating a sentence the appellate courts consider the punishment and the crime in light of the harm to society and gauge when the penalty is so disproportionate as to shock our sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing sentences. State v. Bonanno, 384 So.2d 355 (La.1980). See also State v. Davis, supra.
La.C.Cr.P. Article 894.1 provides statutory guidelines for the determination and imposition of sentences. The supreme court analyzed the function of Article 894.1 in State v. Robicheaux, 412 So.2d 1313, 1319 (1982) as follows:
"Sentences must be individualized to be compatible with the offenders as well as the offenses. In deciding whether to confine a defendant or grant probation, *1301 the judge must consider certain factors enumerated in La.C.Cr.P. art. 894.1(A)(B). State v. Jones, [398 So.2d 1049 (La.1981)] supra. This article entitles the defendant to such an articulation and represents a legislative attempt to guide the trial judge in thoughtfully imposing an appropriate sentence under the facts and circumstances of the particular case. Also this serves as an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Ramos, 390 So.2d 1262 (La. 1980). When the trial judge fails to state any reasons for the sentence a remand may be necessary. State v. Ortego, 382 So.2d 921 (La.1980)."
See also State v. Allen, supra.
When imposing sentence in the present case the trial court stated:
"... the subject was booked with theft, forgery and issuing worthless checks. This subject pled guilty to issuing worthless checks over five hundred dollars. The charges of forgery and felony theft were dismissed as a plea bargain arrangement and the sentencing was set for March the 11th, 1987.
* * * * * *
With regard to the adult record, there were crimes against the person and he was arrested in 1983 and they could locate no record of those charges. He was charged with resisting an officer by flight. He was arrested again on February 22nd, 1986, by the Sheriff's Office in Covington, Louisiana, and charged with simple battery and resisting an officer, and the resisting an officer charge was refused and
* * * * * *
the subject pled guilty to two counts of simple battery and was sentenced to fifty dollars plus cost of Court. According to juvenile, the probation officer could locate no record of the subject being on juvenile probation, although he indicated to them that he had been on juvenile probation, but he didn't know whether it was Jefferson or another parish. On October the 13th, 1983, he pled guilty to felony theft. He was sentenced to two years in the Parish Prison and that was suspended and he was placed on two years probation. As a special condition of the probation, the subject was to serve one year in the Parish Prison and enter and complete a drug rehabilitation program. The subject, on January 12th of 1984, he entered the East Louisiana State Hospital as a condition of his probation. On January 22nd of '84 he was discharged from their care for disciplinary reasons. The subject then spent three more weeks in the Parish Prison and then he was released. He was never actually supervised on probation and his probation was not revoked, although he did fail to complete the special conditions.
* * * * * *
Okay. Gerard Phelps admitted to us that he has been in and out of psychological counseling and in drug abuse therapy for several years. The subject indicates that he began using marijuana at the age of ten. He explained that this led him onto other drugs, such as cocaine, quaaludes, valium, dilaudid and THC. He indicated that when he was about 15 or 16 his parents entered him into the F. Edward Hebert Drug Rehabilitation Program; however, according to Gerard and his mother, he was thrown out of that program after about a week for fighting. As indicated earlier in the criminal records section of this report, Mr. Phelps was ordered to receive treatment at the Holly House, a section of Southeast Louisiana Hospital. In 1983, as a result of a felony conviction, the subject was dismissed from that program after approximately two weeks for fighting and causing discipline problems. The subject also indicated he has received treatment at the local mental health center. He stated he was having a severe problem with his temper in '85, so he made appointments with the mental health center. He stated he never attended regularly and there was never an evaluation or anything done on him. According to the Gerard and his mother, he has received many types of psychiatric *1302 evaluations and treatment since kindergarten. Mr. Phelps indicated that since the age of 10 he has probably used drugs on a daily basis. As stated earlier, he admitted that he was using and dealing dilaudid when he committed the instant offense. He stated he has never before saw anything wrong with his drug usage and has never wanted to quit using drugs; however, he states that after spending these few months in jail, he now realizes that he must get his life together before it is too late. He claims that he has not been on drugs since his release from prison in January of '87.
* * * * * *
It's now a part of this report that this is a 22 year old white male who pled guilty to felony charges of issuing worthless checks. He's not eligible for supervised probation, as he's classified as a fourth felony offender. He was convicted in April the 10th of '1982 in New Orleans, Louisiana, for attempted simple burglary, on October the 13th, '83, in Jefferson Parish for felony theft, and on June the 25th of '84 in Plaquemines Parish for felony theft. Okay, the Court has the rap sheet that it reviewed and it confirms probationary report, that this is his fourth felony offense. According to the Code of Criminal Procedure, Article 894.1, the Code mustthe Court must give answer certain questions about the facts indicating the appropriateness of imprisonment and factors to be considered with regard to suspension or probation. Number one, under the first part, indicating the appropriateness of imprisonment. There is an undue risk that during the period of a suspended sentence or probation that the defendant will commit another crime. His past record indicates to this Court that he's a habitual criminal. Number two, the defendant is in need of correctional treatment of a custodial environment that can be provided most effectively by his commitment to an institution. And, number three, a lesser sentence will deprecate the seriousness of the defendant's crime. With regard to the facts to be considered with regard to suspension ofor probation, the Court finds that there are only two mitigating factors. The defendant's criminal conduct neither caused nor threatened serious harm; and, by that, I mean bodily harm. Number two, the defendant did not contemplate that his criminal conduct would cause or threaten serious harm. He neither caused it nor did he contemplate causing serious harm; and by that, the Court reiterates that I'm referring to bodily harm. However, all the other things to be considered, and there are eleven in number, are not present. The defendant did not act under strong provocation. It was not any substantial grounds tending to excuse or justify the defendant's criminal coduct. And, number five, the victim of the defendant's criminal conduct did not do anything to induce or facilitate the criminal commission. Number six, the defendant has not compensated the victim of his criminal conduct for the damage or injury that he sustained. Number seven, the defendant does have a history of prior delinquency or criminal activity and has not led a law-abiding life for any substantial period of time before the commission of the instant crime. Number eight, the defendant's criminal conduct was not the result of circumstances that are unlikely to recur; and, to put it in an affirmative way, I think that they are more likely to occur. Number nine, the character and attitude of the defendant indicates that he is likely to commit other crimes. Number ten, the defendant is particularly likely not to respond affirmatively to probationary treatment; and, in addition thereto, the law does not allow probation in the case because this is his fourth felony offense. Number eleven, the imprisonment of the defendant would entail excessive hardship to himself or his dependents is not present. Even though there has been a comment to the effect that he has two children, those are children of his wife from a former marriage, and it seems like his wife is now living with her mother where the children will probably be in a better environment than they would in the environment and association *1303 with Mr. Phelps. As the Court said before, this is his fourth felony conviction, and the defendant is hereby sentenced to serve a term of ten years at the Louisiana Department of Corrections at hard labor ..."
It is apparent the trial judge meticulously considered the sentence to be imposed and conscientiously expressed on the record those factors which influenced his decision. Given the defendant's extensive criminal record, his habitual drug use and intermittent drug dealing, his past failure to respond to substance abuse programs, and the benefit he received via dismissed charges as a result of the plea bargain, we discern no abuse of the trial judge's sentencing discretion in imposing the maximum sentence of ten years at hard labor. The sentence is adequately supported by the record and the reasons set forth by the trial court. We additionally note that while defendant was on post-conviction bail awaiting sentencing he stole several checks from his parents and stole a friend's car.
At defendant's request we have reviewed the record for errors patent on its face and found none.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Although the order granting the appeal was issued ex parte, the appeal is properly before this court as the state has not complained about the procedure. See State v. Counterman, 501 So.2d 766 (La.1987).