545 So.2d 659 (1989)
STATE of Louisiana
v.
Laura Miano DELANEUVILLE.
No. 89-KA-36.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1989.
*660 Robert R. Faucheux, Jr., LaPlace, for appellant.
Ralph Tureau, Gonzales, for appellee.
Before CHEHARDY, C.J., and GAUDIN and GRISBAUM, JJ.
CHEHARDY, Chief Judge.
Defendant, Laura Delaneuville, was convicted of felony theft in violation of LSA-R.S. 14:67 and was sentenced to two years at hard labor with five years' active probation. On appeal she argues that her sentence is unfounded and excessive. The record supports both the imposition and the term of defendant's sentence; her conviction and sentence are affirmed.
From 1981 until 1987, defendant was employed as a secretary/bookkeeper at a law firm in Lutcher, Louisiana. Over a four-year period she misappropriated $110,000 from the firm and three client accounts by taking payments made by clients on accounts, altering and cashing social security checks issued for deposit to client accounts, and altering and cashing checks issued by the firm to creditors. When questioned about the status of client payments, defendant financed and deposited sums to the firm account to cover the deficits.
The firm discovered the thefts and in October 1987 Delaneuville was arrested and charged by multiple bills with theft of a sum in excess of $500, LSA-R.S. 14:67, possession of stolen things, LSA-R.S. 14:69 and 50 counts of forgery, LSA-R.S. 14:72. Pursuant to a plea bargain agreement, she pleaded guilty to the theft charge; a disposition of nolle prosequi was entered on the remaining charges.
The court-ordered presentence investigation report recommended that defendant be placed on five years' probation with the requirement of monetary restitution. This notwithstanding, the district judge sentenced defendant to five years at hard labor, three years suspended. He placed defendant on five years' active probation with *661 the conditions that she make restitution to the law firm, perform 300 hours of community service and continue psychiatric treatment.
Delaneuville appeals and assigns three specifications of error committed by the trial court: (1) failure to give due weight to the presentence report in imposing sentence; (2) failure to follow the statutory sentencing guidelines; and (3) imposition of an excessive sentence. The thrust of defendant's appeal is that her two-year jail term is excessive punishment. Assignments of error 1 and 2 are adjuncts of, if not implicit in, this argument. We have evaluated each assignment of error on its merits separately. La. Const.1974, Art. 5 § 10. No error, assigned or patent, requires us to vacate the sentence imposed. LSA-C.Cr.P. art. 920.
La. Const.1974, Art. 1, § 20, proscribes the court's imposition of "cruel, excessive or unusual punishment." An excessive sentence is one grossly disproportionate to the severity of the crime. State v. Vaughn, 431 So.2d 763 (La.1983). In addressing defendant's claim of excess we consider both the crime and the punishment to determine if the disparity between them is shocking to our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
Whether a particular sentence is excessive is measured by reference to two factors: the nature of the crime in relation to the background of the defendant, and the sentencing considerations set forth in LSA-C.Cr.P. art. 894.1. State v. Nelson, 449 So.2d 161 (La.App. 4 Cir.1984). Delaneuville's first argument on appeal is that the district judge did not consider the recommendations of the presentence report in imposing punishment. This assignment of error has no merit.
The district court's order of a presentence investigation report is discretionary. LSA-C.Cr.P. art. 875. The report routinely summarizes relevant information about a defendant's family and background, social and work history, commission of the crime and rehabilitation potential. While it aids the court in constructing the individualized sentence to be imposed, the report does not act to limit the discretion of the sentencing judge. State v. Capdeville, 438 So.2d 1310 (La.App. 3 Cir. 1983). The recommendations contained therein which advocate prison and/or probation are entitled to receive serious consideration from the district judge, but he is in no way bound by the report in formulating the particular sentence to be imposed. State v. Bing, 410 So.2d 227 (La.1982); State v. Smith, 457 So.2d 1282 (La.App. 3 Cir.1984).
Contrary to Delaneuville's allegations, the record indicates that the sentencing judge did consider probation officer Boudreaux's report. At the hearing the judge acknowledged that defendant was the mother of two grade-school children and that the instant conviction was her first adult offense. He cited the numerous letters received from friends and relatives attesting to her good moral character and loving relationship with her family. He took cognizance of Dr. Pardue's psychiatric report diagnosing defendant's "pathological gambling tendencies." Most important he referred to defendant's handwritten confession wherein she freely admitted the thefts and gave no justifiable reason for them. The judge then adopted the presentencing report's recommendation by requiring defendant to serve five years on active probation. Reasoning that her attitude toward theft might be modified by rehabilitative incarceration, he also imposed a prison term. The court's use of the investigation report in particularizing the defendant's sentence to include both prison and probation is within its discretion and authority; it does not constitute error.
On appeal Delaneuville next contends that the district court failed to properly apply the statutory sentencing guidelines in imposing punishment. This assignment of error is without merit. C.Cr.P. art. 894.1 establishes the criteria by which to measure whether a sentence is excessive, either by reason of its length or because it specifies confinement. State v. Sepulvado, 367 So.2d 762 (La.1979). The article tempers the trial judge's discretion, enabling him to adopt the sentence to both the offense *662 and the offender. State v. Robicheaux, 412 So.2d 1313 (La.1982). By requiring that the trial judge articulate the factors he considered, it affords the reviewing court a basis in the record by which to evaluate the sentence imposed. State v. Allen, 451 So.2d 618 (La.App. 5 Cir.1984).
C.Cr.P. art. 894.1(A) identifies the three factors which justify the imposition of a prison sentence:
"(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime."
Part (B) lists 12 additional factors which must be "accorded weight" in sentencing. These latter factors militate against confinement and in favor of suspended sentence or probation. They also provide guidance as to whether the sentence imposed should be closer to the maximum or minimum statutory range of sentence, if the judge does indeed determine that incarceration is appropriate. State v. Sepulvado, supra at 768. The criteria set forth in the article do not constitute an exclusive list; the court is not obligated to consider each and every factor listed in formulating the sentence but may take into account any relevant factor which will aid in its decision-making. State v. Lanclos, 419 So.2d 475 (La.1982). Nor is the trial judge obliged to outline each circumstance which influences his decision so long as the factual basis for the sentence imposed is clearly evidenced in the record. State v. Cox, 369 So.2d 118 (La.1979); State v. Phelps, 520 So.2d 1299 (La.App. 5 Cir.1988).
At the sentencing hearing, the district judge enunciated the factual basis for his incarceration of defendant. He found extant the three factors which justify imprisonment:
"The Court does not believe that there is an undue risk that during the period of a totallythe Court does believe that there is an undue risk that during the period of a totally suspended sentence or probation that this defendant would commit another crime; that she is in need of some correctional treatment and a custodial environment which can be provided most effectively by her commitment to an institution and that any less a sentence than the one to be imposed herein would deprecate the seriousness of this crime.
"In her statement, submitted with the presentence report, she stated and I'll quote: `I sat down and thought that maybe I can take this, they won't know. They really had no accurate records of who paid and who didn't. I figured they wouldn't notice money missing. After I realized that they really never noticed, I started taking more; I really didn't need all this money, but it was just having it.'
"It is evidence, therefore, that this defendant freely admits the theft giving as her reasons for stealing the fact that she in fact had no specific reason other than the fact that the money was there and was available for stealing.
"Such a mentality presents to this Court a person who does not have much respect for obeying the law or respecting the property rights of others, nor honoring the position of trust which was placed upon her by her employer of several years. A person who can steal such as this with such apparent lack of consciousness, is surely someone who would be quite capable of committing similar crimes in the future, were she placed in a position which afforded here [sic] similar opportunities.
"Because of the large amount of money taken by this defendant over such a long period of time, and the seriousness of this offense, the Court feels that some period of incarceration is certainly justified and will perhaps enable this defendant to realize that such a crime cannot be tolerated by our society and hopefully this period of incarceration will enable her to become a productive citizen and *663 engender a greater respect for the property rights of others."
As his oral and written reasons reflect, the judge then reviewed and evaluated additional considerations present in defendant's case which supported limited imprisonment and long-term active probation: defendant's lack of provocation for the theft versus her employer's economic disruption; the stealth and planning by which defendant accomplished the thefts versus the laxity in law firm management which facilitated their success; and the adverse effect defendant's incarceration might have on her children versus the availability of family and friends who could offer support and assistance in caring for the children. The record documents the district court's enunciation of the facts of defendant's case, her personal history, the commission of the crime and the effects of the sentence. It represents a meticulous adherence to the dictates of the statute. State v. Fluitt, 482 So.2d 906 (La.App. 2 Cir.1986). It results in a conscientious particularizing of the sentence to the defendant. State v. Schexnayder, 472 So.2d 174 (La.App. 5 Cir.1985). It does not constitute error.
Delaneuville's final contention on appeal is that her sentence is excessive in that it inflicts needless and purposeless pain and suffering. She argues that her rehabilitation would be better accomplished without imprisonment, and with therapy during probation. This assignment of error lacks merit.
When there is compliance with the guidelines of C.Cr.P. art. 894.1, a sentence will not be set aside as excessive in the absence of a manifest abuse of the trial judge's wide sentencing discretion. State v. Smith, 520 So.2d 1252 (La.App. 5 Cir.1988); State v. Chapman, 490 So.2d 697 (La.App. 2 Cir.1986). We reject defendant's contention that her financing secret loans was an attempt to repay the stolen money rather than an attempt to conceal the theft. After the thefts were uncovered, defendant made no attempt to repay her employer. While defendant is presently under treatment there is no evidence that she sought treatment to control or quell her criminal urges prior to discovery that money was missing. In this instance the sentence, including prison, is tailored to both the crime and the offender.
The maximum jail term which can be imposed against a defendant convicted of felony theft is 10 years. Delaneuville's two-year prison term is at the low end of the discretionary scale. Moreover, as a "first offender" she is eligible for parole consideration after serving one-third of her sentence. LSA-R.S. 15:574.4. The sentence imposed is neither overly severe nor disproportionate to the offense of which defendant was convicted. State v. Calamia, 490 So.2d 428 (La.App. 5 Cir.1986). It does not equal error.
The trial judge's imposition of a short-term prison sentence was based on his finding that incarceration would impress on defendant the severity of her crime, dissuade her commission of future criminal acts and rehabilitate her character. The sentence is both just and reasonable.
For the reasons outlined above, defendant Laura Delaneuville's conviction and sentence are affirmed.
AFFIRMED.