STOKER, Judge.
After a bench trial, defendant Lloyd Lintzen was found guilty of four counts of theft by fraud, each count involving an amount in excess of $500. He was sentenced to eight years in the custody of the Department of Corrections on each count, the sentences to be served consecutively.
The assignments of error raised on appeal concern the sufficiency of evidence regarding two essential elements of the crime, an intent to deprive another permanently of the subject of the misappropriation and the use of fraudulent conduct, practices or representations. Included in the argument of these assignments, but not urged as a separate assignment of error, is an alleged deficiency in the bill of information as to Count Two.
For reasons set out below, we affirm the convictions.
FACTS
Lintzen was charged by bill of information with four counts of theft by fraud in the amounts of $54,000, $5,000, $20,000, and $50,500. The bill of information charged that the thefts occurred between November 29,1977, and February 14,1979. The bill of particulars indicates that Count 1 occurred on November 21, 1978; Count 2 on October 29, 1977; Count 3 on March 16, 1978; and Count 4 on February 14, 1978 and three unknown dates thereafter.
For purposes of clarity, the four counts are detailed as follows:
COUNT AMOUNT DATE VICTIM
$54,000 November 21,1978 Alcee Mere
5,000 October 29,1977 Joseph Biscotti
20,000 March 16,1978 Phil Scott
50,500 February 14,1978 and three unknown dates thereafter David Plaisance
*662 Each of the crimes involved a similar scheme or mode of operation. Lintzen approached each of the victims on the above dates and presented to them a proposition that they invest along with him in a collection of gold coins which were presently available at a very low price. The coins would be sold and the investors would make a large profit on the re-sale. It appears that Scott and Biscotti, who were brothers, knew of each other’s investment, but Mere and Plaisance had no knowledge of any investors other than themselves and Lint-zen.
In each case, Lintzen executed a promissory note in favor of the victim apparently as a show of good faith. The note issued to Mere was for $54,000, the amount of his investment. Biscotti received a note for $12,000, the amount of his investment plus a $7,000 promised profit. Scott’s note was for the amount of his investment, $20,000. Plaisance made an initial investment of $35,000 on which he was assured he would double his money. He received a note at the time of this investment for $70,000. On three separate dates thereafter he gave Lintzen a total of $15,500. Mere and Plai-sance have sought repayment from Lintzen by suing on their promissory notes, but they had received nothing as of the time the criminal charges came to trial.
None of the four victims ever saw the coins in which they were supposed to have invested. Plaisance testified that the coins were supposed to be in a safety deposit box in a North Carolina bank, but when he made an effort to see the coins he was put off by Lintzen.
Lintzen told Mere and Plaisance that they would receive their profits in two to three weeks. He told Biscotti and Scott it would be about three months. In each case the investors tried to contact Lintzen after a substantial amount of time had passed and were unable to do so. Lintzen was finally arrested on September 9, 1981, in Pasadena, Texas.
SUFFICIENCY OF EVIDENCE
Lintzen urges on appeal that under the standard of review set out in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the state failed to prove every essential element of the crime of theft by fraud. In particular he urges that the state did not prove beyond a reasonable doubt that he intended to deprive the victims permanently of their money or that he obtained the money by the use of fraudulent conduct, practices, or representations.
Under Jackson we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Here, the State relies on circumstantial evidence to prove the elements of the crime in question. Therefore, every reasonable hypothesis of innocence must be excluded. LSA-R.S. 15:438. After applying these standards, we find that the evidence presented by the State in this prosecution was sufficient to support a verdict of guilty.
Each of the counts charged is based on allegations that Lintzen made representations similar in nature that the money given him was to be used for investment in gold coins and would yield a large profit in a short period of time. Despite his show of “good faith” in signing promissory notes payable to each victim, Lintzen has not returned any of the money given him for “investment”, has paid no profits to any of the victims, has made no payments on the debts represented by the promissory notes, nor has he given to the victims any of the gold coins he was supposed to have purchased. In fact, none of the victims ever saw any of the coins in which they “invested”.
Lintzen still contends that the transactions in question were merely investments, not thefts. Although the victims initially believed that they were making investments, the circumstances mentioned above are sufficient to convince a rational trier of fact that Lintzen’s representations regarding the investments were false. He apparently made no effort to continue communi *663 cation with the victims after their money was turned over to him, and repeated efforts on their behalf to contact him were futile.
We also find that the evidence is sufficient to show that Lintzen intended to deprive the victims permanently of their money. Although proof of intent to deprive permanently is a factual issue, it may be inferred from the circumstances of the transaction. LSA-R.S. 15:445. Despite Lintzen’s signing of promissory notes payable to each victim, he has made no effort to honor these obligations. Circumstances indicate that the promises to pay represented by these notes were only additional false representations made by Lintzen.
Lintzen argues that because some of the victims have sought judgments against him through civil suits it is clear that they viewed their dealings with him as commercial transactions. We disagree. Those victims seeking relief through civil suit are merely pursuing every possible means of recovering their money.
In light of Jackson v. Virginia, supra, we find that the evidence in this case, when viewed in the light most favorable to the prosecution, is sufficient to convince any rational trier of fact beyond a reasonable doubt that every essential element of the crime was proved against Lintzen. We find further that every reasonable hypothesis of innocence has been excluded.
BILL OF INFORMATION
Included in the argument on the assignments of error regarding sufficiency of evidence as to the elements of the crime discussed above is an assertion that the State failed to prove that the offense charged in Count Two occurred during the time period indicated in the bill of information. This claim should have been the subject of a separate assignment of error in order to be considered on appeal. LSA-C.Cr.P. art. 920. Even if we consider it to be an error discoverable by a mere inspection of the pleadings and proceedings, we find it to be without merit.
Count Two in the bill of information was described as the theft by fraud of $5,000 from Joseph Biscotti. All four counts were charged as having been committed between November 29, 1977, and February 14, 1979. The bill of particulars provided to Lintzen clearly indicated that the theft from Biscotti was alleged to have occurred on October 29, 1977, and evidence regarding the transaction between Lintzen and Biscotti on this date was presented at trial without objection.
In this case we find that Lintzen was fairly informed of the charge against him as to Count Two and he has not been prejudiced by surprise or lack of notice. Under these circumstances the alleged discrepancy in the bill of information will not be considered when raised for the first time on appeal. State v. Anderson, 332 So.2d 452 (La.1976). More likely than not the discrepancy in the dates was a clerical error.
DECREE
For the above reasons, the defendant’s convictions and sentences are affirmed.
AFFIRMED.