490 So.2d 428 (1986)
STATE of Louisiana
v.
Beatrice CALAMIA.
No. 86-KA-72.
Court of Appeal of Louisiana, Fifth Circuit.
June 2, 1986.
*429 Dorothy A. Pendergast, Eric Honig, Asst. Dist. Atty., Gretna, for State of Louisiana, plaintiff-appellee.
Ernest Souhlas, Metairie, for Beatrice Calamia, defendant-appellant.
Before KLIEBERT and WICKER, JJ., and NACCARI, J. Pro Tem.
J. BRUCE NACCARI, Judge Pro Tem.
As a result of her direct involvement in the systematic theft of funds in excess of four hundred thousand ($400,000.00) dollars from Avondale Shipyards, which theft had occurred over a four year period, Ms. Calamia was charged by bill of information filed in the Twenty-Fourth Judicial District Court with violating LSA-R.S. 14:67; theft. On November 27, 1984, the defendant withdrew her initial plea of not guilty, and pled guilty as charged. A pre-sentence investigation was ordered, and the sentencing hearing was held April 17, 1985. Following the hearing, Ms. Calamia was sentenced to serve seven (7) years at hard labor. The defendant now appeals that sentence as excessive. For reasons which follow, we affirm the sentence imposed by the district judge.
Ms. Calamia was employed by Avondale Shipyards, from April, 1965 to October 1983. During that time she established a high position of trust within the company due to her classification as secretary and office manager. The nature of the crime of theft from an employer is such that the crime can only be perpetrated once employees in a position of trust become involved. The thefts involved in the instant case were accomplished when employees turned in bogus receipts bearing actual job numbers to the cashier's office for reimbursement. The defendant used her position with the company to supply the job numbers to the receipts and signed her supervisor's signature to perpetrate the thefts. Ms. Calamia not only submitted fraudulent receipts, she produced receipts by using the tape from the adding machine in her office. The defendant solicited the aid of other people in the commission of the crime and in some instances, she involved innocent people who worked with her in her office. Additionally, some of the people who were originally brought into the scheme by Ms. Calamia ultimately undertook to perpetrate additional thefts on their own. The defendant was fully aware of the criminal nature of her actions as well as the activities of the others involved in the thefts. However, because she herself was involved in the scheme and had instigated the involvement of these other people, she did not report their illegal activities. Thus, although Ms. Calamia was only formally charged with the theft of $408,963.41, she was indirectly involved with thefts in excess of one million ($1,000,000.00) dollars.
The defendant was held in a high position of trust by the management of Avondale Shipyards, and violated that trust by her own actions and by doing nothing to prevent the embezzlement by others when she had the widest knowledge of their illegal activities. As the linchpin in the scheme, she not only took money for herself and her supervisor/lover, but also assisted other people to perpetrate the thefts.
The penalty for the crime of theft; LSA-R.S. 14:67; is imprisonment with or without hard labor for not more than ten (10) years, and a fine of not more than three thousand ($3000.00) dollars, or both. The sentence imposed in the instant case, seven (7) years at hard labor, is clearly within the maximum permitted by law. The Louisiana Supreme Court has held that although a sentence is within the limits established by statute, it may be held to be excessive. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is unconstitutionally excessive in violation of LSA Const.1974, Art. I, Sect. 20 if it is grossly *430 out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Smith, 433 So.2d 688 (La. 1983); State v. Bonanno, 384 So.2d 355 (La.1980); State v. Winzer, 465 So.2d 817 (La.App. 2nd Cir.1985). However, absent a sentence that shocks our sense of justice, the trial court judge is given great discretion in the deciding the appropriate sentence to impose. State v. Lanclos, 419 So.2d 475, 478 (La.1982).
A review of the defendant's background obtained from both the trial judge's reasons for sentencing given in compliance with LSA C.Cr.P. art. 894.1 and from the presentencing investigation submitted to this court pursuant to LSA C.Cr.P. art. 877, as amended by Acts 1985, No. 384, Sec. 1, indicates that she is 51 years old, has been married twice and is the mother of two grown children. Her second husband left her with two children to care for and support. The defendant and her daughter live together and care for the defendant's grandchild (her son's child). She was the sole support of her children for twenty years. It also appears she is suffering from minor medical problems.
Seven (7) years at hard labor does appear to be very close to the sentencing ceiling for this crime when committed by a woman of this caliber. Although Ms. Calamia's background may have presented mitigating factors which could support a lesser sentence than that imposed by the trial judge, we must consider the gravity of this crime. The seriousness of the crime is reflected by both the breach of trust and the amount of money taken from Avondale Shipyards. Although Ms. Calamia states she did not benefit from the money, she was a key figure in the whole scheme. Not only did she take money herself, but she recruited other people for the crime, and involved innocent persons as well. Had Ms. Calamia informed Avondale Management of the series of crimes, she could have been responsible for saving the company over one million dollars. Although her personal history and current economic problems are issues this court has considered, it would appear that the seriousness of the crime as well as Ms. Calamia's conscious choice to perpetrate the crime over such a long period of time support the trial judge's sentencing choice. The sentence, although near the maximum sentence, does not shock our sense of justice.
When these principles are applied to the facts in this case, we conclude that the sentence imposed by the trial judge is not unconstitutionally excessive. The mitigating factors do not outweigh the need to impose a sentence of such severity to prevent further depreciation of respect for the law and to discourage other trusted employees from the insidious crime of theft from their employers.
Accordingly, the defendant's sentence is affirmed.