504 So.2d 1116 (1987)
STATE of Louisiana
v.
Timmy ROCHEFORT.
No. 86-KA-587.
Court of Appeal of Louisiana, Fifth Circuit.
March 16, 1987.
*1117 John M. Mamoulides, Dist. Atty., Eric Honig, Dorothy A. Pendergast, and John M. Molaison, Jr., Asst. Dist. Attys., Twenty-fourth Judicial Dist., Jefferson Parish, Gretna, for plaintiff-appellee.
Marion B. Farmer, Farmer & Burns, Covington, for defendant-appellant.
Before CHEHARDY, KLIEBERT and DUFRESNE, JJ.
KLIEBERT, Judge.
The defendant, Timmy Rochefort, was charged with theft of $581,902.23 from Avondale Shipyards, in violation of LSA-R.S. 14:67. He entered a plea of guilty and was sentenced to five and one-half years at hard labor. On appeal defendant contends the trial court failed to properly apply La. C.Cr.P. art. 894.1 and imposed an excessive sentence. We affirm the conviction but for the reasons hereafter stated consider the sentence excessive and accordingly set the sentence aside and remand the case for a resentencing hearing.
The defendant participated in a scheme whereby false purchase receipts were submitted for reimbursement by the Avondale Shipyards purchasing department. Over $500,000.00 was stolen from Avondale during the four year period its employees were operating the scheme. In essence the scheme consisted of invoices being submitted for supplies or services which in fact were not performed or delivered but, nevertheless, knowingly processed for payment by Avondale employees. The record does not reflect what portion of the total proceeds were actually received by the defendant.
During the plea colloquy the defendant explained his role in the scheme as follows:
"Q. Would you explain to the Court the factual circumstances your arrest for this crime and the reasons why you are tendering a plea of guilty to this Court? Mr. Johnson was previously on the stand before you and he requested the ability to state it orally, as opposed to in writing. Would you like to do the same thing?
A. Yes sir.
Q. Well, tell us.
A. Okay. When I first took the job they told me this was part of my job, to take the receipts that were given to me by the boss and take them to petty cash to be reimbursed and bring the money back to them.
Q. So far I haven't heard you say anything that you did wrong.
A. Well, I would getI was mostly involvedthey said I had took part of the money.
Q. Did you?
A. Yes sir."
The defendant here and the defendant Johnson (referred to in the colloquy above) have taken appeals to this court and urge similar assignments of error, i.e., excessive sentences and the trial judge's failure to apply C.Cr.P. art. 894.1. Johnson's appeal was lodged under Docket No. 86-KA-586 of this court. Additionally, this court also had on appeal and affirmed the conviction and sentence of Ms. Calamia, also an employee of Avondale who was also invloved in the scheme. See State v. Calamia, 490 So.2d 428 (La.App. 5th Cir.1986).
Article I, Section 20 of the Louisiana Constitution of 1974 provides in part "No law shall subject any person ... to cruel, excessive or unusual punishment..." A sentence is excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the purposeless and needless imposition of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Allen, 451 So.2d 618 (La.App. 5th Cir.1984). The imposition of a sentence, although within prescribed statutory limits, may nonetheless violate a defendant's constitutional right against excessive punishment that is enforceable on appellate review. State v. Sepulvado, 359 So.2d 137 (La.1978); appeal after remand 367 So.2d 762 (La.1979).
Initial elements to be analyzed in determining whether the punishment is constitutionally disproportionate are the nature of the offense and the offender. In State v. *1118 Robicheaux, 412 So.2d 1313, 1319 (La.1982) the Supreme Court noted:
"Sentences must be individualized to be compatible with the offenders as well as the offenses. In deciding whether to confine a defendant or grant probation, the judge must consider certain factors enumerated in La.C.Cr.P. art. 894.1(A)(B). State v. Jones [398 So.2d 1049 (La.1981)], supra. This article entitles the defendant to such an articulation and represents a legislative attempt to guide the trial judge in thoughtfully imposing an appropriate sentence under the facts and circumstances of the particular case. Also this serves as an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Ramos, 390 So.2d 1262 (La. 1980). When the trial judge fails to state any reasons for the sentence a remand may be necessary. State v. Ortego, 382 So.2d 921 (La.1980)."
See also State v. Allen, supra.
Prior to sentencing the trial court elicited testimony showing that the defendant here:
(1) was twenty-five years of age;
(2) had a high school education;
(3) was employed by Hacienda Construction Company;
(4) did not use drugs;
(5) had no history of mental problems;
(6) had no history of medical problems;
(7) had no prior criminal record.
The court thereafter imposed a five and one-half year sentence, citing the following reasons:
"The defendant is a first felony offender... who has submitted ... thirty-three hundred separate false and fraudulant documents for reimbursement. The defendant admits his involvements, that he turned in a thousand receipts. The defendant actually participated in a scheme to defraud the Avondale Shipyard out of a five hundred and eighty-one thousand dollars. Whether he got the money or not, to me, is inconsequential, and any lesser sentence than this, the Court considers this a serious crime and that any lesser sentence will only deprecate the seriousness of this crime."
Defendant contends the trial court failed to give sufficient weight to the mitigating factors above enumerated and should have weighed the fact that defendant's involvement was minimal in his favor. We agree in both instances.
The State places great emphasis on the fact defendant pled guilty to theft of over $500,000.00. However, it is clear from the record that the defendant did not receive the full amount of the proceeds or a significant portion thereof.[1] Further, defendant was not the instigator of this scheme. From defendant's own description of his participation we can only surmise that he played a subordinate role and was lured into the scheme by employees of greater age and experience.
The State also places great emphasis on the fact that a co-defendant's sentence of seven years at hard labor was affirmed on appeal by this court. See State v. Calamia, 490 So.2d 428 (La.App. 5th Cir.1986). While it is true that another factor to be analyzed in determining whether punishment is constitutionally disproportionate is comparison of the defendant's punishment with the sentences imposed for similar crimes by the same court and other courts [See State v. Telsee, 425 So.2d 1251 (La. 1983)]. Calamia is a different class of offender from the defendant.
In affirming Calamia's sentence this court noted that she (1) used her position of trust with Avondale Shipyards to supply the job numbers to the receipts and signed her supervisor's signature to perpetrate the thefts; (2) produced receipts and submitted fraudulent receipts; (3) solicited the aid of other people in the commission of the crime and, in some instances, involved innocent people who worked in her office; (4) as the linchpin in the scheme she took money for herself and assisted other people in perpetrating the thefts. To rank the defendant here, on the record before us, in the same class as Calamia would be to ignore the facts as to the roles they each *1119 played in the scheme and hence make futile any attempt to individualize the present defendant's sentence. Moreover, after careful consideration of the mitigating circumstances in this case, we conclude the defendant's sentence of five and one-half years excessive.
As asserted by defense counsel in oral argument, it would be proper to proportion defendant's punishment with the sentences received by other subordinate perpetrators of the scheme whose participation and hence culpability is similar to that of the defendant's. In our view, proportionality in defendant's sentence can only be achieved by setting it within the mid-range of sentences received by those who were more culpable than defendant and those who were less culpable.
Although information as to the sentences of others involved in the scheme may have been included in the probation report, the report is not before us; nor was such information submitted to the trial court at the sentencing hearing. Accordingly, we vacate the sentence and remand the case for resentencing with instructions to permit the introduction of evidence as to the culpability of the defendant as compared to others in the scheme, in accordance with the views expressed herebefore.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.
NOTES
[1] The pre-sentence investigation report, which may have indicated the amounts actually received by defendant was not made part of the appellate record.