520 So.2d 1252 (1988)
STATE of Louisiana
v.
Alex SMITH.
No. 87-KA-641.
Court of Appeal of Louisiana, Fifth Circuit.
February 8, 1988.
Writ Denied April 29, 1988.
*1253 John M. Mamoulides, Dist. Atty., Tom Wilkinson and Dorothy A. Pendergast, Asst. Dist. Attys., Gretna, for plaintiff/appellee.
Milton P. Masinter, New Orleans, for defendant/appellant.
Before CHEHARDY, GRISBAUM and WICKER, JJ.
WICKER, Judge.
Alex Smith, defendant, was charged by grand jury indictment for the second degree murder of Theodore Jackson in violation of L.S.A.-R.S. 14:30.1. He was found guilty of manslaughter pursuant to L.S.A.-R.S. 14:31 and sentenced to twenty-one years at hard labor.
The testimony at trial set forth the following facts: Sonya Young and Shana Young, their children, and boyfriends resided in the same house located in Jefferson Parish. Shana's boyfriend was Alex Smith, the defendant. Sonya's boyfriend was Theodore Jackson, the victim. On November 9, 1985 Sonya and Shana argued in the hallway.
*1254 During the argument, the defendant and Craig Garrison were sitting in the kitchen. Alex Smith entered the hallway and hit Sonya in the face. The victim then tried to stop the fight, although it is not clear from the record the precise actions he took.
According to Sonya the victim did nothing more than to try to bring Sonya into the room. However, at the hearing for a new trial Sonya testified that the victim stabbed the defendant with a glass before the defendant stabbed him with a knife. Shana Young testified at trial that the victim hit the defendant over the head with a glass vase before the defendant stabbed him. Subsequent to the victim's actions the defendant grabbed the victim and threw him into the wall. He then fatally stabbed the victim several times. The victim died as the result of a stab wound on the left neck which cut into the subclavian artery.
Sonya called 911. Both the victim and Shana told Sonya to leave. As she left, she saw the defendant also leaving. Shana had also told the defendant to leave. The defendant went to a friend's house. The friend took him to a hospital in which he gave the name "Kirt Kane." His hand was stitched due to the stab wounds he had received in the fight. Several days later he turned himself into the police.
Defendant now assigns the following as errors:
1. That the trial court erred in denying the motion for a new trial;
2. That the trial court erred in imposing a constitutionally excessive sentence;
3. That the trial court erred in allowing hearsay testimony into evidence, and
4. Insufficiency of evidence.
ERROR PATENT:
The record reveals an error in the form of the indictment, namely, that there is no citation of the statute which the defendant is charged with violating. However, the indictment does state the essential facts constituting the offense charged. L.S.A.-C.Cr.Proc. Art. 464 sets out the requirements of the indictment:
The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be grounds for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. [Emphasis added].
In the case at bar, the cover of the indictment does state the numerical citation of the offense charged.
The Louisiana Supreme Court has held that "[f]ailure to cite the correct criminal statute number is a technical deficiency in the bill of information which is not grounds for reversal unless the defendant can show surprise or lack of notice which causes prejudice." State v. Sims, 426 So.2d 148, 158 (La.1983).
The defendant in the case at bar did not raise this technical problem below although he had filed discovery pleadings. Moreover, the indictment was sufficient to make the defendant aware of the charges against him. Sims, supra. Accordingly, the error is harmless.
MOTION FOR A NEW TRIAL:
Defendant argues that the testimony presented at the hearing for the new trial would produce a different outcome upon retrial. In this case, the state's one eyewitness recanted her testimony from that given during the trial.
At trial Sonya Young testified that the victim did not stab the defendant first. At the hearing for a new trial, however, she testified that the victim did stab the defendant first. After hearing the different testimony, the trial judge concluded that there still was sufficient evidence for the jury to have found the defendant guilty of manslaughter.
L.S.A.-C.Cr.Proc. Art. 851(3) provides the grounds for a new trial as follows:
New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered *1255 before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.
The Louisiana Supreme court specifically addressed the issue of recanted testimony with respect to the ruling on a motion for a new trial in State v. Clayton, 427 So.2d 827, 832-33 (La.1982). The Clayton court held:
The burden is on the defendant to show that the new evidence was not discoverable prior to or during trial and that if the evidence had been introduced at trial, the new evidence probably would have caused the trier of fact to reach a different verdict. State v. Coleman, 390 So.2d 865 (La.1980).
The trial judge is afforded considerable discretion in evaluating the impact of newly discovered evidence, and his denial of a motion for a new trial will not be disturbed on appeal absent a clear abuse of that discretion. State v. Talbot, 408 So.2d 861 (La.1982) (on rehearing); State v. Spell, 399 So.2d 551 (La.1981). In evaluating whether the newly discovered evidence warrants a new trial, the test to be employed is not simply whether another jury might bring a different verdict, but whether the new evidence is so material that it ought to produce a verdict, different from that rendered at trial. State v. Molinario, 400 So.2d 596 (La. 1981); State v. Bagley, 378 So.2d 1356 (La.1979); State v. Williams, 362 So.2d 530 (La.1978). Recantations of trial testimony should be looked upon with the utmost suspicion. We have held specifically that a motion for a new trial should not be granted on the basis of a recantation because it is tantamount to an admission of perjury which would destroy the credibility of the witness at a new trial. It is not an abuse of discretion on the part of the trial court to refuse to grant a motion urged on such a basis. State v. Spell, supra; State v. Linkletter, 345 So.2d 452 (La.1977); cert. denied, 434 U.S. 1016, 98 S.Ct. 733, 54 L.Ed.2d 760 (1978); State v. Tyler, 342 So.2d 574 (La.1977), cert. denied, 431 U.S. 917, 97 S.Ct. 2180, 53 L.Ed.2d 227.
Sonya Young's recanted testimony "is tantamount to an admission of perjury which would destroy [her] credibility ... at a new trial." Clayton, supra at 832-33. Thus, we find no abuse of the trial court's discretion in refusing to grant the motion for a new trial on the basis of recanted testimony.
Furthermore, we are not persuaded by appellant's argument that Sonya Young's testimony was the only testimony to establish that the defendant was the aggressor. Although her testimony may indicate that the victim was the aggressor, Sonya Young did not recant her trial testimony that she heard the defendant tell the victim "I am going to kill you, nigger." Additionally, the viciousness of the stabbing indicates the defendant's intent to kill the victim.
Accordingly, this assignment lacks merit.
HEARSAY TESTIMONY:
Dr. Barbara Cohn, a state's witness, testified that she treated a person who gave his name as "Kirt Kane." However, the individual she treated did not tell her his name, instead Dr. Cohn was given the name by the admittance clerk. This testimony is the only hearsay evidence in the testimony of the defendant's treating physician. The admissibility of this hearsay evidence is harmless error since the defendant testified prior to Dr. Cohn that his friend Debra Hart, who accompanied him to the hospital, gave his name as "Kirt Kane". See State v. Gibson, 391 So.2d 421 (La.1980); State v. Martin, 458 So.2d 454 (La.1984).
INSUFFICIENCY OF EVIDENCE:
In assessing the sufficiency of evidence, the due process standard as stated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) requires that the reviewing court determine whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. This standard has been codified in Louisiana by C.Cr.P. art. 821.
*1256 The Louisiana Supreme Court has held in State v. Porretto, 468 So.2d 1142, 1146 (La.1985) that:
[w]hen circumstantial evidence is used to prove the commission of the offense, La. R.S. 15:438 mandates that `assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.' This is not a purely separate test from the Jackson standard to be applied instead of a sufficiency of the evidence test whenever circumstantial evidence forms the basis for the conviction. Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden. State v. Wright, 445 So.2d 1198 (La.1984). State v. Porretto, 468 So.2d 1142, 1146 (La. 1985).
The defendant was convicted of manslaughter in violation of L.S.A.-R.S. 14:31 which provides:
Manslaughter is:
(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed; or
(2) A homicide committed, without any intent to cause death or great bodily harm.
(a) When the offender is engaged in the perpetration or attempted perpetration of any felony not enumerated in Articles 30 or 30.1, or of any intentional misdemeanor directly affecting the person; or
(b) When the offender is resisting lawful arrest by means, or in a manner, not inherently dangerous, and the circumstances are such that the killing would not be murder under Articles 30 or 30.1.
Whoever commits manslaughter shall be imprisoned at hard labor for not more than twenty-one years.
There is no doubt that a person had been killed. The question remains whether the killing was justified.
L.S.A.-R.S. 14:20 considers a homicide to be justified "[w]hen committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger." In homicide cases of claimed self-defense, it is the state's burden to establish beyond a reasonable doubt that the defendant did not act in self-defense. Garcia, supra; State v. Matthews, 464 So.2d 298 (La.1985).
Thus the relevant inquiry on appeal in this case is whether a rational trier of fact viewing the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt that the homicide was not committed in self-defense. Matthews, supra.
In this case the evidence at trial showed:
1) That the victim died of a fatal stab wound to the neck;
2) Defendant did stab the victim several times including the fatal stabbing;
3) Defendant threw the victim into the wall, and
4) The defendant stated "I am going to kill you nigger."
The specific intent to kill may be inferred from the accused's entire conduct. "Such intent might reasonably be implied from the intentional use of a deadly weapon to provide injuries involving serious risks to death." Williams v. Maggio, 695 F.2d 119, 122 (5th Cir.1983); cert. denied 461 U.S. 917, 103 S.Ct. 1901, 77 L.Ed.2d 288 (1983). See also State v. Butler, 322 So.2d 189 (La.1975).
The defendant claims self-defense. He argues that he reasonably believed he was in imminent danger of losing his life or *1257 receiving great bodily harm. The defendant presented testimony of the victim as the aggressor. Also presented was conflicting testimony of whether or not the victim chased the defendant with a machete. The state presented one witness to the stabbing, Sonya Young. At trial she testified that the defendant was the aggressor. At the hearing for a new trial she recanted her prior testimony and testified that the victim was the aggressor in that he stabbed the defendant with a glass before the defendant stabbed him.
Although Sonya Young partially recanted her trial testimony, she did not recant her previous statement that the defendant stated his intent to kill the victim.
The State's other witnesses were police officers who investigated the stabbing. The knife that was found was inconclusive as to fingerprints or blood of the victim. There was no evidence of whose blood was on the wall in the house. Nor was there an explanation for the glass on the floor near the stabbing.
The defendant presented testimony of witnesses saying the victim broke either a glass or vase over the defendant's head and started swinging at the defendant with pieces of glass. The defendant was backed into a bathroom where he found a knife and started swinging at the victim stabbing him several times.
At the trial the jury was faced with conflicting testimony. By returning a verdict of guilty it is evident that the jury found the State's witnesses more credible. It is not the function of a reviewing court on appeal of a criminal conviction to evaluate the credibility of witnesses and overturn a trial court on its factual determination of guilty unless clearly contrary to the evidence. State v. Richardson, 425 So.2d 1228 (La.1983); State v. Williams, 470 So. 2d 356 (La.App. 5th Cir.1985).
This assignment lacks merit.
EXCESSIVENESS OF SENTENCE:
Article 1, Section 20 of the Louisiana Constitution provides in pertinent part: "No law shall subject any person ... to cruel excessive or unusual punishment." A sentence may violate a defendant's constitutional right against excessive punishment even though the sentence is within the statutory limit. This Court could review a defendant's sentence for excessiveness on appeal. State v. Sepulvado, 359 So.2d 137 (La.1978), appeal after remand, 367 So.2d 762 (La.1979); State v. Bonanno, 384 So.2d 355 (La.1980); State v. Rochefort, 504 So.2d 1116 (La.App. 5th Cir.1987).
A sentence is unconstitutionally excessive if it is grossly out of proportion to the severity of the offense or nothing more that a needless and purposeless imposition of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982); Rochefort, supra.
The Louisiana Supreme Court addressed the issue of sentencing in State v. Robicheaux, 412 So.2d 1313, 1319 (La.1982) noting:
Trial judges are granted great discretion in imposing sentences, but even sentences within statutory limits may be excessive under certain circumstances. State v. Jones, 398 So.2d 1049 (La.1981); State v. Spencer, 374 So.2d 1195 (La. 1979). Sentences must be individualized to be compatible with the offenders as well as the offenses. In deciding whether to confine a defendant or grant probation, the judge must consider certain factors enumerated in La.C.Cr.P. art. 894.1(A)(B). State v. Jones, supra. This article entitles the defendant to such an articulation and represents a legislative attempt to guide the trial judge in thoughtfully imposing an appropriate sentence under the facts and circumstances of the particular case. Also this serves as an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Ramos, 390 So.2d 1262 (La.1980). When the trial judge fails to state any reasons for the sentence a remand may be necessary. State v. Ortego, 382 So.2d 921 (La.1980).
This court has indicated, however, that a remand for more complete compliance with Article 894.1 is not necessary when the sentence imposed is not apparently severe, State v. Russel, 397 So.2d 1319 *1258 (La.1981), or where the record otherwise clearly illumines the sentencing choice, State v. Martin, 400 So.2d 1063 (La.1981) (On Rehearing). However, when the trial court does not articulate the reasons for imposing a particular sentence and there is no other evidence of record to illumine the sentencing choice, a sentence even within the lower range of sentences available to the trial court may appear to be arbitrary or excessive. State v. Williams, 397 So.2d 1287 (La. 1981); State v. Ortego, supra.

The trial judge is given wide discretion in imposing sentences within the statutory limits. Sentences shall not be set aside as excessive absent a manifest abuse of that discretion. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Vinson, 482 So.2d 48 (La.App. 5th Cir.1986).
The court should consider three factors in reviewing a judge's sentencing discretion. 1) The nature of the crime; 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Jack, 448 So.2d 725 (La.App. 5th Cir.1984).
In sentencing the defendant, the judge stated the following:
The Court is going to sentence you to twenty-one years at hard labor. The reason I'm sentencing you to hard labor, incarceration instead of putting you on probation, is because of your prior record and, also, I think there would be an undue risk that during any period of a suspended sentence or probation that you would commit another crime. I think you're in need of correctional treatment in a custodial environment that could be provided more effectively by your commitment to the Louisiana Department of Corrections. I think a lesser sentence would deprecate the seriousness of the crime that you've been found guilty by a jury.
I have looked over the mitigating parts of Article 894.1, which the Court has to do as a sentencing guidelines while sentencing you, and I see none or very few mitigating circumstances. Number one, the defendant's criminal conduct did cause serious harm; it caused a death. Someone was killed. And I think having a knife as you did, you would have to contemplate that some serious injury or death would occur by stabbing someone. You have a prior history of criminal activity, criminal conduct. I think that you're likely to commit another crime if I let you out. I've looked over all the other mitigating circumstances, and I find none that would change the Court's mind in the sentence.
We conclude that the trial court complied with sentencing guidelines pursuant to L.S. A.-C.Cr.Proc. Art. 894.1.
The penalty for violation of R.S. 14:31, manslaughter, is imprisonment at hard labor for not more than twenty-one years. The defendant was thus given a maximum sentence.
Maximum sentences are reserved for cases involving the most serious violations of the charged offense and for the worst kind of offender. State v. Quebedeaux, 424 So.2d 1009 (La.1982). Once adequate compliance with article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case. State v. Hampton, 482 So.2d 141 (La.App. 4th Cir.1986); State v. Quebedeaux, supra.
In State v. Garcia, 477 So.2d 833 (La.App. 5th Cir.1985) our court upheld a twenty-one year sentence where it was clear that the trial judge considered mitigating factors. In the instant case the trial judge stated that he had considered the mitigating factors. It should be noted that defendant was originally charged with second degree murder. The jury returned with a responsive guilty verdict of manslaughter. Defendant argues that the testimony at trial, especially in light of Ms. Young's recanted testimony at the hearing for a new trail would not warrant the maximum sentence. He claims there is strong evidence of self-defense. However, the *1259 testimony at trial presented sufficient evidence to negate the claim of self-defense.[1]
Accordingly, this assignment lacks merit.
Therefore, for the reasons stated, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] See discussion above relative to the recanted testimony.