GUIDRY, Judge.
Defendant, Lloyd Lintzen, was found guilty of four counts of theft by fraud (La.R.S. 14:67), each count involving an amount in excess of $500.00. He was sentenced to eight years in the custody of the Department of Corrections on each count, with the sentences to be served consecutively. The defendant appealed his convic *198 tion but did not complain at that time of sentence excessiveness. Defendant’s conviction was affirmed by this court. State v. Lintzen, 439 So.2d 660 (La.App.3rd Cir. 1983), writ denied, 443 So.2d 1118 (La.1984).
On June 22, 1987, the defendant filed an application for post-conviction relief with the 14th Judicial District Court urging that his sentence is unconstitutionally excessive. Further, relator contends that as a result of his former counsel’s failure to assign excessiveness of sentence as error on appeal, he was denied his constitutional right to effective assistance of counsel. On February 9, 1988, the district court denied defendant’s application for post-conviction relief and this application followed.
The facts supporting defendant’s convictions and the sentences imposed are fully set forth in our opinion reported as aforementioned. The only pertinent fact not set forth in our opinion is the circumstance that defendant had two prior felony convictions for issuing worthless checks, the first occurring on January 24, 1961 and the second on November 29, 1961, some twelve years prior to the instant convictions.
In imposing sentence in this case, the trial judge meticulously complied with the sentencing guidelines of La.C.Cr.P. art. 894.1. Albeit, we conclude that, although the sentences imposed fall within the statutory limits, the penalties imposed and made to run consecutively (32 years) are grossly disproportionate to the severity of defendant's crimes, shock our sense of justice and constitute a manifest abuse of discretion. Article 1, Sec. 20 of the Louisiana Constitution of 1974 prohibits cruel, excessive or unusual punishment. Although within statutory limits, a sentence may nonetheless be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App.3rd Cir.1988). Although a trial judge is allowed wide discretion in imposing sentence, such discretion is not unbridled. State v. Bonanno, 384 So.2d 355 (La.1979); State v. Beavers, 382 So.2d 943 (La.1980).
The crimes committed by defendant were nonviolent and posed no threat or danger to public safety. Although defendant had two prior felony convictions for issuing worthless checks, such offenses occurred more than twelve years prior to these convictions. Although we have compassion for the victims who suffered financial harm as a result of defendant’s crimes, we do not consider that the harm suffered by them is unlike that suffered by the victims in State v. Langford, 467 So.2d 41 (La.App.4th Cir.1985), writ denied, 483 So.2d 979 (La.1986); State v. Calamia, 490 So.2d 428 (La.App. 5th Cir.1986); or State v. Chapman, 490 So.2d 697 (La.App. 2d Cir.1986), where considerably lesser penalties were imposed.
For these reasons, we peremptorily grant this application and order that defendant’s senténces be and the same are hereby vacated. This matter is remanded to the Fourteenth Judicial District Court in order that defendant, Lloyd Lintzen, may be re-sentenced pursuant to law and consistent with the views expressed. On resentenc-ing, defendant is to be given credit for time previously spent in actual custody.
DOUCET, J., dissents and would deny the writ.