WICKER, Judge.
Jimmie Smith was convicted of armed robbery, a violation of La.R.S. 14:64, and sentenced to ninety years at hard labor, without benefit of parole, probation, or suspension of sentence. A habitual offender bill is still pending. He appeals his sentence and asks that we review the record for error patent. We affirm.
The sentencing range for armed robbery is five years to ninety-nine years, without benefit of parole, probation or suspension of sentence. La.R.S. 14:64. The judge considered the probation report on Smith and noted the following previous criminal history: charged with attempted armed theft, theft, simple battery, attempted armed robbery, aggravated assault, resisting an officer, illegal carrying of weapons on April 1, 1978, with all charges refused ex-' cept that of attempted armed robbery; convicted of attempted armed robbery on May 11, 1978, and discharged with good time on December 14, 1979; charged with armed robbery with a knife on January 7, 1981; convicted by guilty plea of theft under $99.00 and sentenced to five months imprisonment; arrested on September 30, 1981, for simple robbery, which charge was dismissed; charged on January 22, 1981, with second degree murder; and convicted by guilty plea of manslaughter, sentenced to ten years, and discharged with good time on May 21, 1988. The judge noted that the present offense took place on October 14, 1988, only months after Smith’s last release from imprisonment. The judge also noted the lack of any mitigating factors and Smith’s history of violent crime against persons, and he considered the sentencing guidelines of La.C.Cr.P. art. 894.1.
Both the United States and Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. U.S.C. Const.Amend. VIII; La. Const. art. I, Sec. 20. A sentence which is grossly disproportionate to the offense or which imposes needless and purposeless pain and suffering is unconstitutionally excessive. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Rochefort, 504 So.2d 1116 (La.App. 5th Cir.1987). In Smith’s case we find nothing constitutionally excessive about a ninety-year sentence, especially considering his previous criminal record and the fact that in this case he robbed a woman at gunpoint on her way home from work. His extensive criminal history reflects an incorrigible and violent nature. Our courts have approved sentences of the maximum length under similar circumstances. State v. Douglas, 389 So.2d 1263 (La.1980); State v. Jack, 448 So.2d 725 (La.App. 5th Cir.1984), writ denied 450 So.2d 961 (La.1984). We do not believe the court abused its sentencing discretion.
An error patent review includes the caption, the time and place of holding court, the indictment or information and its endorsement, the arraignment, the plea, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration, the verdict, and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Schneider, 542 So.2d 620 (La.App. 5th Cir.1989), writ denied 548 So.2d 1245 (La.1989). We see no patent error on the face of this record. La.C.Cr.P. art. 920.
We affirm Jimmy Smith’s conviction of armed robbery and sentence to ninety years at hard labor, without benefit of parole, probation, or suspension of sentence.
AFFIRMED.