WICKER, Judge.
Suzanne Campora Murphy pleaded guilty to manslaughter, La.R.S. 14:31, and now appeals her sentence. We affirm.
Mrs. Murphy stabbed her husband to death during what was apparently the last of many drunken, violent disputes. She was charged with second degree murder, La.R.S. 14:30.1, and pleaded not guilty. She withdrew that plea and entered a plea of guilty to manslaughter. The judge ordered a pre-sentence investigation and limited her sentencing exposure to fifteen years. After considering the report, he imposed a sentence of fifteen years at hard labor, with credit for time served. The judge stated,
[T]his Court has taken into consideration the pre-sentence investigation report, the record of this matter, all of the information that had been furnished by the defense counsel and have noted that originally this lady was charged with murder, that this had been plea bargained down to a manslaughter; that the basis for the negotiated plea to manslaughter was the fact that there were extenuating circumstances such as your proposed defense of the battered woman’s syndrome and the conditions under which Ms. Murphy lived prior to the incident. However, the Court also has to take into consideration that there was alternative action that Ms. Murphy could have taken other than that of stabbing this man three times and killing him.
Mrs. Murphy now argues that the fifteen-year sentence is excessive because, for her, it is the maximum allowable considering the judge’s agreement to limit sentencing exposure to fifteen years. The statutory maximum sentence for manslaughter is twenty-one years.
Mrs. Murphy was forty-three years old and unemployed at the time of the killing. Mr. Murphy was her fourth and fifth husband: they were divorced and remarried in 1987. The records of the Jefferson Parish Sheriff’s Office show a history of domestic disturbances from March of 1989 until the last episode on March 3, 1991. Mrs. Murphy testified that her husband had beat her four times in the eight year period of their marriage, and Charity Hospital records in evidence indicate treatment to her shoulder and ankle the month before she stabbed her husband.
Her husband was drunk the day she killed him, but Mrs. Murphy was also drinking. They fought about going to the grocery store, and Mr. Murphy told her to get out. She asked him if she should kill him so she would have someplace to go— jail. Although he was in the bedroom watching television and the only abuse which took place was verbal abuse, she *771 went into the kitchen and got a knife. Mrs. Murphy went into the bedroom and stabbed him one time while he was sitting on the bed, which she thought would be enough. He started grabbing at her, however, so she stabbed him again. Mrs. Murphy testified at her sentencing that she didn’t wish her husband dead but she just didn’t want to be beaten any more.
Mrs. Murphy’s record reveals arrests from 1965 until 1982 but only one conviction, in 1968, for theft of $90.00. She denied this conviction.
Both the United States and Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. U.S.C. Const. Amend. VIII; La. Const, art. I, Sec. 20. A sentence which is grossly disproportionate to the offense or which imposes needless and purposeless pain and suffering is unconstitutionally excessive.
State v. Smith, 561 So.2d 206, 207 (La.App. 5th Cir.1990). We are authorized to review as excessive a sentence imposed under circumstances where a judge agrees to a sentencing cap in a plea bargain. See State v. Smack, 425 So.2d 737 (La.1983); State v. Vail, 571 So.2d 710 (La.App.2d Cir.1990).
The judge obviously considered the pre-sentence investigation and Mrs. Murphy’s defense of battered woman syndrome. While the judge did not articulate each and every mitigating and aggravating factor of La.C.Cr.P. art. 894.1, it is clear from his reasons that he did consider both aggravating factors — Mrs. Murphy’s alternative actions — and mitigating factors — the battered woman syndrome defense. The record shows “an adequate factual basis for the sentence imposed....” State v. Necaise, 466 So.2d 660, 671 (La.App. 5th Cir.1985). We do not believe, considering the evidence in the record, including two sentencing hearings, that the judge abused his sentencing discretion.
Mrs. Murphy also has asked this court to review the record for error patent, and we find none.
We affirm the conviction of Suzanne Campora Murphy of manslaughter and her sentence to fifteen years’ imprisonment at hard labor, with credit for time served.
AFFIRMED.