446 So.2d 523 (1984)
STATE of Louisiana
v.
Mike PAPPAS & Melissa Dauzat.
No. K-1732.
Court of Appeal of Louisiana, Fourth Circuit.
February 21, 1984.
Writ Denied March 23, 1984.
Harry F. Connick, Dist. Atty., Nancy Sharpe, Asst. Dist. Atty., New Orleans, for relator.
Joseph Meyer, Jr., New Orleans, Edward S. Bopp, Arabi, for respondent.
Before BARRY, KLEES and BYRNES, JJ.
BARRY, Judge.
On July 20, 1983 defendants Mike Pappas and Melissa Dauzet were charged in a two count bill of information with attempted possession with intent to distribute methaqualone (quaaludes) and possession with intent to distribute diazepam (Valium). The pills seized from the defendants are white tablets scored "Lemmon 714". This scoring is the identical scoring that appears on pills which typically contain the substance methaqualone. However, analysis of the pills by the N.O.P.D. Crime Lab revealed that the pills were, in fact, diazepam, not methaqualone.
On the morning of trial defense counsel filed a motion to sever the counts under C.Cr.P. Art. 495.1 on the basis that the offenses are duplicitous and also under *524 R.S. 14:4.[1] The trial court granted the motion and ordered the State to elect one of the counts to proceed with first. The State objected and now by this writ is seeking reversal of the severance order.
The crux of the State's argument is that, if the State is forced to try each count separately, it will be unable to prove either charge. The State claims that, if the counts remain severed, defendants will be able to defend on the distribution of diazepam charge by testifying they intended to possess methaqualone, and will be acquitted on the attempted possession of methaqualone charge because the tablets actually contain diazepam.
We do not see how severance of the counts will affect the admissibility or the probative value of the evidence necessary to support each charge.
Regardless of whether the counts are tried separately or jointly, it appears the charge of possession with intent to distribute diazepam (R.S. 40:969) will not stand because the evidence will show defendants did not "knowingly or intentionally" possess diazepam, as required by R.S. 40:969. On the other hand, irrespective of whether or not the counts are tried together, evidence that the pills actually contained diazepam would not necessarily preclude a conviction for attempted possession with intent to distribute methaqualone. (R.S. 40:967).
R.S. 14:27 specifies the elements necessary to constitute a crime of "attempt":
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.
It is the intent to commit the crime, not the possibility of success, that determines whether the act or omission constitutes the crime of attempt. As the Reporter's Comments to R.S. 14:27 note:
It is essential to an attempt that there be a specific intent to commit the crime. The test appears to bewould defendant have been guilty of a crime if his intention had been fully consummated? Gross negligence or constructive intent (as in the felony murder doctrine) will not suffice. The requisite intent need not be proved by direct evidence and may be inferred from the circumstances. For example, an intent to kill may be inferred from the use of a deadly weapon.
This section adopts the Canadian view that it is immaterial whether there is an actual possibility of committing the intended offense. An attempted homicide may fail because the gun used is defective or the poison used is not sufficiently deadly. An attempted rape may fail because the perpetrator is impotent; or an attempted theft may fail because the cash drawer looted or the pocket picked is empty. Where such conditions preventing the consummation of the crime are unknown to the offender, they do not prevent his being liable for an attempt. The essential elements are an actual specific intent to commit the offense, and an overt act directed toward that end. The subjective mental element is all-important *525 in this offense. Of course, it will be impossible to entertain a specific intent to commit an offense unless the offender has an apparent (to him) ability to consummate the crime.
Thus, we fail to see that the State will be prejudiced by the severance order.
Under C.Cr.P. Art. 495.1 the trial judge is vested with discretion to sever counts in a bill of information if it appears the defendant may be prejudiced by joinder of the counts. The trial judge may have believed the alternative charges in this case would be confusing to the jury and/or prejudicial to the defendants. We find no abuse of discretion in his granting defendants' motion to sever.
ACCORDINGLY, the State's application is denied.
WRIT DENIED.
NOTES
[1] LSA-R.S. 14:4:

Prosecution may proceed under either provision, in the discretion of the district attorney, whenever an offender's conduct is:
(1) Criminal according to a general article of this Code or Section of this chapter of the Revised Statutes and also according to a special article of this Code or Section of this Chapter of the Revised Statutes; or
(2) Criminal according to an article of the Code or Section of this Chapter of the Revised Statutes and also according to some other provision of the Revised Statutes, some special statute, or some constitutional provision.