NORRIS, Judge.
The defendant, James T. Randel, was charged by bill of information with purse snatching. La.R.S. 14:65.1. A jury found him guilty of attempted purse snatching. La.R.S. 14:27, 14:65.1. Prior to sentencing, he was charged by a second bill of information as a second felony offender to which he pled guilty. La.R.S. 15:529.1. The trial court sentenced him to 10 years at hard labor. Randel now appeals alleging insufficient evidence to justify the guilty verdict. We modify the verdict, set aside the conviction and sentence for attempted purse snatching as a second felony offender, render conviction for attempted misdemeanor theft, and remand the case with instructions for resentencing.
The evidence viewed in the light most favorable to the State shows that on the morning of July 22, 1989, 72-year old Mrs. Gladys Laney was going to visit a friend at the hospital. She crossed the street in front of her house to wait for her taxi. While waiting she visited with her neighbor, Mrs. Hazel Hayes. Mrs. Laney saw a man with a big afro hairdo intently watching them as they talked. She recognized the man as Randel; he sometimes did yard work in the subdivision. Mrs. Hayes also saw Randel watching them and told him that she did not need any yard work done that day. Randel, however, did not leave the area but continued to watch the ladies.
Mrs. Laney was wearing a blouse with big front pockets. Before she left that morning, Mrs. Laney stuck $40 or $50 cash in her eyeglasses case, which also held her glasses, and then placed the eyeglasses case in one of the blouse pockets. While the two ladies stood there passing the morning conversation, Randel ran up to them, reached into Mrs. Laney’s pocket, grabbed her eyeglasses case and jerked it from her pocket with such force that the pocket ripped from the blouse. He then ran off down the street. The police were called and arrived about five or six minutes later. Mrs. Laney gave them a description of Randel’s clothing and his large afro hairdo. Randel was picked up a few blocks away at the corner of 64th and Willard Streets; he did not have the eyeglasses case on his person. However, the police did find him with a coca-cola bottle in his hand and $32 in cash. The officers took Randel back to the scene of the offense. Mrs. Laney had already left for the hospital thinking that the police would not be able to catch the thief, but Mr. J.D. Houston and Mrs. Ginney Hernandez, two witnesses to the incident, identified Randel as the perpetrator of “the snatch.” Mrs. La-ney later went to the police station where she identified Randel in a photo lineup. When asked at trial if she was a victim of a purse snatching, she categorically stated, “It wasn’t a purse, it was a glass case.” R.p. 71. She further described it as a black, plastic eyeglasses case. R.p. 84. The case was never found.
On March 13, 1990 a jury found Randel guilty of attempted purse snatching, a responsive verdict to the charge of purse snatching. R.S. 14:27, 14:65.1. Randel filed a motion for a new trial and post verdict judgment of acquittal urging that the verdict was contrary to law and evidence. Both motions were overruled by the trial court. Randel was granted an out-of-time appeal and assigned several errors including the denial of the motions. In brief, however, the only assignments of error urged by counsel for Randel are that the motions for a new trial and post verdict judgment of acquittal should have been granted because the evidence presented at trial was insufficient to prove all the essential elements of attempted purse snatching beyond a reasonable doubt. In essence, defendant urges that the evidence does not prove beyond a reasonable doubt that he *618 had the specific intent to commit the theft of anything of value contained within a purse or wallet. We consider the other assignments of error abandoned. URCA— Rule 2-12.4; State v. Williams, 338 So.2d 672 (La.1976).
In considering sufficiency of evidence, the reviewing court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. La.R.S. 15:271; Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The crime of purse snatching, La.R.S. 14:65.1, is defined as follows:
A. Purse snatching is the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon, (emphasis added)
An essential element of the crime of attempted purse snatching is the specific intent to commit theft of anything of value contained within a purse or wallet. La.R.S. 14:27, 14:65.1. It is this intent, not the possibility of success, that determines whether the act perpetrated constitutes the crime of attempt. The offender must believe (subjectively) that he can commit the crime to form the specific intent required for an attempt. State v. Pappas, 446 So.2d 523 (La.App. 4th Cir.), writ denied 447 So.2d 1068 (1984). To prove specific intent, one must show that the offender’s state of mind was that he actively desired the prescribed criminal consequences to follow his act or failure to act. La.R.S. 14:10(1). Absent an admission by Randel, the State must prove Randel’s specific intent to commit theft of anything of value contained within a purse or wallet by inferences from surrounding facts and circumstances. State v. Hall, 441 So.2d 429 (La.App. 2d Cir.1983). The rule for circumstantial evidence, La.R.S. 15:438, is stated as follows:
Assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.
This court has explained in State v. Fluitt, 482 So.2d 906 (La.App. 2d Cir.1986) citing State v. Eason, 460 So.2d 1139 (La.App. 2d Cir.1984), writ denied 463 So.2d 1317 (1985), the interaction of the Jackson standard of review with this state’s statutory circumstantial evidence rule as follows:
This statutory rule is not a purely separate test from the Jackson standard to be applied instead of a sufficiency of the evidence test whenever the state relies on circumstantial evidence to prove an element of the crime. State v. Wright, 445 So.2d 1198 (La.1984). Ultimately, the Jackson standard is the objective standard for testing the overall evidence, direct and circumstantial, for reasonable doubt. State v. Wright, supra; State v. Sutton, 436 So.2d 471 (La.1983). The statutory rule, however, provides an evi-dentiary guideline for the jury when considering circumstantial evidence and facilitates appellate review of whether a rational juror could have found the defendant guilty beyond a reasonable doubt. Exclusion of every reasonable hypothesis of innocence is, therefore, a component of the more comprehensive reasonable doubt standard, where circumstantial evidence is used to convict. Thus, although the circumstantial evidence rule may not establish a stricter standard of review than the more general reasonable juror’s reasonable doubt formula, it does emphasize the need for careful observance of the usual standard and provides a helpful methodology for its implementation in cases which hinge on the evaluation of the circumstantial evidence. State v. Wright, supra; State v. Chism, 436 So.2d 464 (La.1983).[1]
The State presented no evidence to show that Randel knew or could have known the contents of Mrs. Laney’s pocket. Mrs. La-ney’s testimony shows that the item involved was not a purse or wallet, but rath *619 er a black plastic eyeglasses case. The evidence only proves, beyond a reasonable doubt, that Randel had the specific intent to snatch whatever was within Mrs. La-ney’s pocket. The lack of evidence leaves open alternate, but equally reasonable hypotheses, that Randel had the specific intent to steal an eyeglasses case, a cigarette case, or even loose cash. Therefore, our review compels us to conclude that the State did not meet its burden of proving an essential element of the offense of attempted purse snatching, the specific intent to commit theft of anything of value contained within a purse or wallet. R.S. 14:27, 14:65.1. The conviction for attempted purse snatching cannot stand and must be set aside.
This conclusion, however, does not end the inquiry. We must now determine the remedy to which the defendant is entitled. An appellate court may modify a verdict if, when it views the evidence in the light most favorable to the State, it finds the evidence supports only a conviction of a lesser included responsive offense. La.C. Cr.P. art. 821 E. Lesser and included grades of an offense are responsive verdicts even though the greater offense is a felony and the lesser offense is a misdemeanor. La.C.Cr.P. art. 815.[2] Lesser and included grades of an offense are those in which all the essential elements of the lesser offense are also essential for the greater offense. State v. Dufore, 424 So.2d 256 (La.1982).
Theft is an essential element of purse snatching, which was the original charge. R.S. 14:65.1.[3] However, theft is not an essential element for the jury’s verdict of attempted purse snatching. R.S. 14:27, 14:65.1. An attempt requires the specific intent to commit a crime and the doing or committing of an act for the purpose of and tending directly toward the accomplishment of his object. R.S. 14:27. Theft, on the other hand, requires an actual misappropriation or taking of anything of value. R.S. 14:67. A person might have the specific intent to commit a purse snatching and take steps tending directly toward a purse snatching without committing the essential element of an actual misappropriation or taking required for the offense of theft. Since an essential element for the lesser offense of theft is not essential for the greater offense of attempted purse snatching, we conclude that theft is not a lesser and included offense to the jury’s verdict of attempted purse snatching. However, attempted theft is a lesser and included offense to both the charge of purse snatching and the jury’s verdict of attempted purse snatching because all the essential elements for the lesser offense are also essential for the greater offense. Dufore, supra.
In the instant case, the record clearly indicates that a rational factfinder, viewing the evidence in the light most favorable to the State, could have concluded the State proved beyond a reasonable doubt all the essential elements required for the crime of attempted misdemeanor theft. La.R.S. 14:27, 14:67; C.Cr.P. art. 821 E. While the State did not prove the value of the eyeglasses case itself or the glasses therein, it did prove that the eyeglasses case contained $40 in cash. Thus, viewed in light most favorable to the State, the property value proven by the State beyond a reasonable doubt was less than $100. This supports a judgment of conviction of the lesser included responsive offense of attempted misdemeanor theft. We modify the verdict and render a judgment of conviction for the offense of attempted misdemeanor theft. La.C.Cr.P. art. 821 E; Fluitt, supra.
The verdict is modified to set aside the conviction for attempted purse snatching as a second felony offense and to enter a judgment of conviction for attempted misdemeanor theft. The original sentence is set aside and the case is remanded to the *620 trial court for resentencing with instructions to give defendant credit for time already served for this offense.
VERDICT MODIFIED, CONVICTION AND SENTENCE FOR ATTEMPTED PURSE SNATCHING AS A SECOND FELONY OFFENDER SET ASIDE, CONVICTION FOR ATTEMPTED MISDEMEANOR THEFT RENDERED, AND THE CASE REMANDED WITH INSTRUCTIONS FOR RESENTENCING.
APPLICATION FOR REHEARING Before MARVIN, SEXTON, NORRIS, HIGHTOWER and FRED W. JONES, JJ.
Rehearing denied.

. See also State v. Bailey, 573 So.2d 610 (La. App. 2d Cir.1991) (handed down this same day); State v. McFadden, 476 So.2d 413 (La.App. 2d Cir.1985), writ denied 480 So.2d 739 (1986).

. La.C.Cr.P. art. 815 applies in all cases not provided for in art. 814. Neither purse snatching nor attempted purse snatching are provided for in art. 814.

. Although we recognize that the evidence • presented at trial would support a conviction for attempted simple robbery, it is not responsive to the charge of purse snatching. State v. Mosley, 485 So.2d 658 (La.App. 4th Cir.), writ denied 488 So.2d 1020 (1986).