LOBRANO, Judge.
The defendant, Anthony Johnson, Jr., was charged by bill of information with purse snatching, a violation of LSA-R.S. 14:65.1. A jury found the defendant guilty as charged. Following this verdict, the defendant filed a motion for post verdict judgment of acquittal. The trial judge granted the motion and found the defendant guilty of the lesser charge of attempted purse snatching. The State filed a multiple bill of information charging the defendant as a second offender. The defendant pled guilty to the multiple bill and was sentenced to seven years at hard labor. He now appeals.
On February 5, 1992, at approximately 12:30 p.m., Nellie Lee exited the Tulane Avenue bus near the Carrollton Shopping Center in New Orleans. As she was walking to the J.C. Penney store, a man approached her from behind, grabbed her purse and ran away with it. She screamed and chased him for one block. At that point, a Western Auto employee continued the chase and was soon assisted by James Esposito, a U.S. Customs officer who was in the parking lot on unrelated business. Esposito caught the defendant a short distance away. According to Esposi-to, the defendant told him “Let me go. I gave her back the purse.” Esposito held the defendant until the police arrived. Officer Herbert Bovia of the New Orleans Police Department saw the chase as he was exiting the Carrollton Avenue downramp and went to the scene and arrested the defendant. Both Esposito and Bovia testified that the *449 defendant had a purse in his hands as he was being chased.
On appeal, the defendant argues that the trial court erred in reducing the verdict to attempted purse snatching. He argues the verdict should have been theft of the purse, valued at less than $100.00.
The crime of purse snatching is defined as follows:
“Purse snatching is the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon.” La.R.S. 14:65.1.
In State v. Randel, 573 So.2d 616 (La.App. 2nd Cir.1991), the court stated:
“An essential element of the crime of attempted purse snatching is the specific intent to commit theft of anything of value contained within a purse or wallet. La. R.S. 14:27, 14:65.1. It is this intent, not the possibility of success, that determines whether the act perpetrated constitutes the crime of attempt.”
In the absence of an admission of intent by a defendant, intent must be proven by inferences from surrounding facts and circumstances. State v. Hall, 441 So.2d 429 (La.App. 2nd Cir.1983).
In this case, the defendant argues that an essential element of the crime of attempted purse snatching was not proven, i.e. that the purse contained anything of value. The State did not introduce the purse or its contents into evidence and neither the victim nor any other witness testified that the purse contained anything of value. Thus, defendant asserts he could only be convicted for theft of the purse itself. We disagree.
In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of all the essential elements of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
LSA-R.S. 14:2(2) defines “anything of value” as follows:
“‘Anything of value’ must be given the broadest possible construction, including any conceivable thing of the slightest value, movable or immovable, corporeal or incorporeal, public or private, and including transportation, telephone and telegraph services, or any other service available for hire. It must be construed in the broad popular sense of the phrase, not necessarily as synonymous with the traditional legal term ‘property.’”
In support of his argument defendant cites the case of State v. Randel, supra, in which the defendant ran up to the victim and grabbed an eyeglass case containing cash from the victim’s blouse pocket. The defendant was charged with purse snatching but was found guilty of attempted purse snatching. On appeal, the defendant argued that the evidence was insufficient. The Second Circuit Court of Appeal agreed and reduced the verdict to misdemeanor theft. The Court reasoned as follows:
“The State presented no evidence to show that Randel knew or could have known the contents of Mrs. Laney’s pocket. Mrs. Lañéis testimony shows that the item involved was not a purse or wallet, but rather a black plastic eyeglasses case. The evidence only proves, beyond a reasonable doubt, that Randel had the specific intent to snatch whatever was within Mrs. La-ney’s pocket. The lack of evidence leaves open alternate, but equally reasonable hypotheses, that Randel had the specific intent to steal an eyeglasses case, a cigarette case, or even loose cash. Therefore, our review compels us to conclude that the State did not meet its burden of proving an essential element of the offense of attempted purse snatching, the specific intent to commit theft of anything of value contained within a purse or wallet. R.S. 14:27, 14:65.1.” Id. 573 So.2d at 618-619.
Unlike Randel, the evidence in the case before us establishes that the defendant knew he was taking a purse. The victim testified that she was carrying the purse in open view and James Esposito testified that *450 the defendant told him to let him go because “I gave her back the purse.” Unlike an eyeglass case which is often empty when in a person’s pocket, a purse is carried by someone for the purpose of holding items needed by that person and presumably contains something of at least the slightest value.
The intent to take the contents of the purse can be inferred by the intent to take the purse. Thus, even if the purse contained nothing of value, the evidence is sufficient to support a conviction for attempted purse snatching because “it is the intent, not the possibility of success, that determines whether the act perpetrated constitutes the crime of attempt.” State v. Randel, supra, 573 So.2d at 618.
For these reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.